June, 1809.

JOHN MOWATT, jun. *against* JOSEPH HOWLAND,
JOSEPH HOWLAND, jun. and JESSE BROWN.

MOTION for a new trial.

This was an action of *assumpsit*, in which the plaintiff declared, as the holder of a bill of exchange, against the defendants as endorsors.

The *Howlands* suffered a default. *Brown* appeared, and pleaded the general issue.

On the trial, the drawing, non-acceptance, and notice, were proved as stated in the declaration. The only question was, whether the endorsement was so made as to render *Brown* liable. The facts were these : A partnership had existed, by the name of *Joseph Howland &* *Co.* consisting of *Joseph Howland* and *Joseph Howland,* jun. of *New-York,* and *Jesse Brown,* of *Norwich,* in *Connecticut.* Their usual place of doing business was at *Norwich.* On the 14th of *May,* 1806, they dissolved their partnership, and published notice of such dissolution, for several weeks successively, in two newspapers, one in *Norwich,* the other in *New-London.* The settlement of the company concerns was immediately committed to *Brown;* and the company name extinguished at the banks, and insurance offices, and the dissolution there publicly known. The plaintiff lived in *New-York;* but whether he had, or had not, actual notice of the dissolution did not appear; nor did it appear, that he had ever been a correspondent of the company. On constituted reasonable notice to him, and to every other person not a of the company.

*A.* and *B.* of *New-York,* and *C.* of *Norwich,* in *Connecticut,* having been partners in trade, dissolved their partnership, and published notice of such dissolution, for several weeks successively, in two newspapers, one printed at *Norwich,* which was their usual place of doing business, and the other at *New-London,* in the vicinity. *B* afterwards endorsed a bill of exchange in *New-York* with the company name; but whether the endorsee had, or had not, actual notice of the dissolution did not appear; nor did it appear, that he had ever been a correspondent of the company. Held, that these facts correspondent

The facts, which are supposed to constitute notice of a dissolution of partnership being ascertained, it is a question of *law* whether the notice be reasonable, or not.

the 20th of *August*, 1806, *Joseph Howland*, jun. en-dorsed the bill in question, in *New-York*, with the late company name, without the knowledge of *Brown*. Upon these facts, the superior court instructed the jury, that *Joseph Howland*, jun. was not authorized to make the endorsement with the company name; and that *Brown* was not liable. The jury thereupon found a verdict for the defendants; and the plaintiff moved for a new trial, on the ground of a misdirection. This motion being reserved for the opinion of the nine judges at this term,

*Daggett* argued in support of it, on two grounds.

1. That the notice of dissolution was not sufficient. It should have been advertised in *New-York*. Newspapers printed in *New-London* and *Norwich*, cannot be presumed to be read in *New-York*. In *Gowram* v. *Hope et al. Esp. Dig.* 776. *Dub.* edit. Lord *Kenyon* held, that notice in the *London Gazette* alone was not sufficient, but that particular notice by letter or message should be given besides to all persons having had antecedent dealings with the firm. But that case goes much further than is necessary for our purpose. The *London Gazette* circulates through the mercantile world. It is in the mercantile world what the government paper is in the political world. Would there have been a question, if, in the case cited, notice had been given only by an advertisement in a provincial paper? *New-York* is the emporium of business for *Connecticut* merchants. If notice may be dispensed with *there*, it may be *everywhere*. In *Gorham et al.* v. *Thompson et al. Peake's Cas.* 42. it appeared, as in this case, that the dissolution was generally known in the neighbourhood. But Lord *Kenyon* said, this was not sufficient; the dissolution must be notorious to the public, and actual knowledge of it brought home to the creditor. His lordship subjoins a

very satisfactory reason. " It would be the hardest measure imaginable upon the creditor," says he, " were the law otherwise ; for while he supposed he was giving credit to a man having sufficient to satisfy the whole of his demand, he might be trusting a beggar."

2. That at least it should have been left to the jury to decide whether the plaintiff had notice of the dissolution. All the circumstances respecting the question of notice, the extent of the partnership transactions, of the circulation of the *New-London* and *Norwich* papers, and of the plaintiff's means of information on the subject, ought to have been submitted to the jury. In *Godfrey* v. *Turnbull* and *Macauley*, 1 *Esp.* 371. the question was, whether the evidence of notice, which was an advertisement in the *Gazette*, was sufficient. Lord *Kenyon* did not deem it correct to decide upon its sufficiency in point of law, but left it to the jury to make their own inference. The *jury are to judge*, he added, from the practice in the usual course and ordinary mode of business. In the principal case, the court ought to have said, that an advertisement in the *New-London* and *Norwich* newspapers was, *per se*, sufficient notice to *Mowatt* in *New-York*.

*Goddard*, contra, insisted, that notice of a dissolution of partnership in the newspapers, printed at and in the vicinity of their usual place of doing business, was sufficient, in point of law, to all persons, who had no previous dealings with the firm. As it did not appear, in the present case, that the plaintiff had ever had any such previous dealings, he must be taken to be within the rule. The opinion of Chief Justice *Kent*, in *Lansing* v. *Gaine* and *Ten Eyck*, 2 *Johns. Rep.* 304. was cited as precisely in point, and entitled to great consideration. *Graham et al.* v. *Hope at al. Peake's Cas.* 154. *Gorham et al.* v. *Thompson et al. Peake's Cas.* 42. and *Abel et al.* v.

June, 1809.　*Sutton*, 3 *Esp.* 108. were also read, and commented
KILBOURN　upon.
v.
BRADLEY.

BY THE COURT. Whether *Joseph Howland*, jun. was authorized to make the endorsement by the name and firm of *Joseph Howland & Co.* depends upon the question, whether there had been reasonable notice of the dissolution of the partnership previous to making the endorsement. When the facts, which are supposed to constitute notice, are once ascertained, it is altogether a question of law, whether the notice was reasonable, or not; and, in such case, there is nothing to be left to the jury.

The facts agreed to, on the statement in this case, in the opinion of the court, do constitute reasonable notice to every person not a correspondent of the company. The direction of the superior court was correct; and, therefore, this court do not advise a new trial.

New trial not to be granted.