The opinion of the Court, (Gibson J. being absent,) was delivered by
Duncan J.
This is a very narrow question; the case comes up in a nude state ; whether the plaintiff below had been a correspondent and dealer with the defendants before the dissolution of their partnership, is not stated. Nor does it appear that the defendants below, plaintiffs in error, offered any evidence of the notoriety of the dissqlution in the town and neighbourhood in which they transacted their business, or that Snyder resided near to them. The interrogatory rejected was simply this, whether the witness had not notice of the dissolution of the partnership of Shaffer & Solliday, at the time Shaffer removed from Hellerstown l
I do not know that any case has yet been decided in this Court, with respect to the notice of dissolution of partnership. In England, notice in the London Gazette, is the usual and ordinary mode, as to those who have had no previous dealings, and this has been left to the jury from whence to infer the notice. Godfrey v. Turnbull, and M'Cauley, 1 Esp. Rep. 371. In Connecticut, advertising in newspapers printed where the partners transacted the business, held evidence of notice of dissolution to every other person, not a correspondent of the company. Mowatt v. Howland and others, 3 Day. 353. So in New York, in Lansing v. Gaine & Ten Eyck, 2 John. Rep. 304. 6 Johns. 144. Ketcham & Black v. Clark, public notice must be given in a newspaper of the city and county, where the business was transacted, or public notice must be given in some other way. What notoriety of dissolution might be sufficient to go to a jury as evidence of notice to persons who had no previous dealings with *505 the firm, (for to those who had, personal notice seems to be held necessary,) it is not made necessary to decide in this case; for ail that the interrogatory overruled could have done, if answered affirmatively, would be to prove that he the witness had notice of the dissolution when Shaffer left Hellerstown, The offer to prove by one man, that he had notice of the dissolution of partnership, could not be evidence that another had notice. It is the hearsay of one witness,- to prove a fact which must be established either by notice in the public papers, or be proved to be so notorious a fact, as that the jury might presume it had reached the parties ear, or the notice must be-personal. What evidence is proper to go to a jury to prove notice of a dissolution of partnership, the Court give no opinion; the only opinion they now give is, that this was not proper evidence, and that the Court decided properly in rejecting it.
Judgment affirmed.