Tilghman, C. J.,
(after stating the case,) delivered the opinion of the court as follows:—
It was remarked, by the counsel for the plaintiffs, that if Elliot was in fact, not a dormant partner, as was the opinion of the court, then the question how far a dormant partner is liable, could not *316 arise. That is very true, but we know not what was the opinion of the jury, as to the fact of Elliot’s being a dormant partner or not. Perhaps, had the cause been submitted to them on that fact, their verdict would have been for the defendant. But as they were instructed by the court, that it was of no importance in point of law, whether Elliot was a dormant or a known partner, it was their duty, of course, to find for the plaintiffs. It is impossible to say, therefore, that the defendant has not been injured by the charge, provided it was erroneous. We must consider, then, to what extent a secret partner is liable. Where one deals with persons who are publicly known to be partners he trusts to them only, and not to another partner who is not known. Nevertheless, the secret partner is chargeable, because it is not fair that he should ivithdraw his share of the profits from the partnership stock, and thereby lessen the fund to which the creditor trussed, without being responsible for the debts of the house. But when he has ceased to be a partner, there is no reason why he should be responsible for debts subsequently contracted, because he draws nothing from the fund of the known partners, nor are the debts contracted on his credit; The case of known partners is very different. The creditor who deals. vVith them trusts to all, and therefore has á right to hold all responsible until he receives notice that some of them have ceased to be partners. In the case of Evans v. Drummond, 4 Esp. N. P. Rep. 89, repotted also in 2 Mont. Dig. 250, and cited in Gow on Part. 309, 310, it was held, that one who was not known to be a partner, could only be charged with debts contracted during the time he was actually a partner, and receiving the emoluments and profits of the business. This I consider as the law, and am therefore of opinion that the charge of the District Court was erroneous. The judgment is to be reversed, and á 'venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.)