SHUMATE v. HAWTHORNE. See Case No. 5,654.

SHUMAWAY (HOWE v.). See Case No. 6,-774.

SHUMWAY (WRIGHT v.). See Case No. 18,093.

———

## Case No. 12,827.

SHURLDS v. TILSON et al.

[2 McLean, 458.][1]

Circuit Court, D. Illinois. June Term, 1841.

PARTNERSHIP — DISSOLUTION — NOTICE — PUBLICATION IN NEWSPAPER.

1. There are two modes of giving notice of the dissolution of a copartnership, which will discharge an outgoing partner. One is express notice, by circular or otherwise, to those with whom the firm has had dealings. The other by publication in some newspaper of general circulation.

2. This latter notice is conclusive on those who had not had dealings with the firm. And as to those who have had dealings with the firm, such a publication would be received as evidence to the jury, who must determine, from all the circumstances of the case, whether the party had notice.

3. A person who deals with an individual, and exercises a power to bind another, should make some inquiry into his right to do so.

At law.

Davis & Forman, for plaintiff.
Baker & ———, for defendants.

OPINION OF THE COURT. This action is brought by the plaintiff, as assignee of certain bills or promissory notes, which purported to be signed by the defendants, and dated the 8th of May, 1839, and the 23d of July following. The defendants [Tilson and Pitkin] were partners in merchandizing, at Quincy, in this state, until the 19th April, 1839, when their partnership was dissolved; of which notice was given at the above date, in a newspaper published at Quincy. Both the defendants resided at that place. The plaintiff is a citizen of St. Louis, in Missouri. From the indorsements on the bill it would seem that this suit is brought for the benefit of the Bank of St. Louis. It is not pretended that either the bank or the plaintiff had any dealings with the defendants during their partnership. And the only question is, whether such notice of the dissolution of the partnership has been given to exonerate Tilson from liability on the bills. They were drawn by his late partner, Pitkin, and signed in the name of the partnership.

[1] [Reported by Hon. John McLean, Circuit Justice.]

There are two modes of giving notice of the dissolution of a partnership, which shall put it out of the power of either partner to bind the other. The first is a special notice, by a circular or otherwise, of the dissolution, to those persons with whom the partnership had had dealings. This is the safer and more advisable course. And until this notice be given, either expressly or constructively, the partnership may be still bound after the dissolution. And the partners are bound, where the act purports to be a partnership act, without notice, whether it be done with a customer or a stranger. The second mode of giving notice is by a publication in a gazette. This publication of the dissolution is admissible as evidence, but Mr. Gaw, in his treatise on Partnership, page 280, says—that it is of little avail, unless it be shown that the party entitled to notice was in the habit of reading the Gazette. Godfrey v. Turnbull, 1 Esp. 371; Leeson v. Holt, 1 Starkie, 186. He says, indeed, that an advertisement in a common newspaper is not even admissible, without proof that the party took in the paper. In the case above cited, from 1 Starkie, Lord Ellenborough said—that he would receive evidence of the advertisement in the Gazette, but that, unless it were proved that the party was in the habit of reading the Gazette, the evidence would be of little avail. And his lordship was of opinion, that the advertisement in the Times, was not admissible at all without proof that it was taken in by the party. From these remarks it would seem that the Gazette was the paper in which such notices usually appeared, or were required to be published, and, therefore, a notice published in that was admissible in evidence, on a different principle from a notice in the Times. In the case of Jenkins v. Blizard, 1 Starkie, 418, the notice in the Gazette being read, the defendants proved that a similar advertisement had been inserted once in the Morning Cronicle, and, also, that the plaintiffs took in the latter paper. Lord Ellenborough was of opinion that it was admissible, and referred to a case where a party was sought to be affected with notice of an advertisement contained in a weekly provincial paper; in that case the paper was not only delivered at the house, but the party was seen to read it. Upon the whole his lordship submitted the evidence to the jury, and informed them that it was for them to say whether, under all the circumstances, the plaintiffs had notice. He, at the same time, remarked—it would be a more prudent course to send circulars to all with whom the parties had dealings. The court of king's bench, however, have recently decided, in the case of Wright v. Pulham, 2 Chit. 121, that notice in the Gazette, is notice to all the world of the dissolution of a partnership. In that case it did not appear that the party had had actual notice of the dissolution. This decision conflicts with some of the nisi prius decisions above cited, and of course overrules them. And from this decision the law seems to be now settled in England, although the report of the case is very

short and unsatisfactory, that a publication in the Gazette is sufficient notice of the dissolution of a partnership. And that the question there now is, not whether notice was, in fact, given to the party, but whether it was published in the Gazette. It is known that newspapers are sold in London by the carriers, and not delivered to subscribers as in this country. This, however, can make no difference as to the publication of the notice.

In the case of Lansing v. Gaine, 2 Johns. 300, it was held that a notice of the dissolution in the public papers is conclusive upon all persons who have had no previous dealings with a copartnership. But as to such persons as have had dealings with a copartnership, it is not so to be considered, unless, under the circumstances, it appears satisfactory to the jury that it operated as a notice. Bristal v. Sprague, 8 Wend. 423; Graves v. Merry, 6 Cow. 701; 6 Johns. 147, 148; Mowatt v. Howland, 3 Day, 353; Martin v. Walton, 1 McCord, 16.

Prudence requires, when an individual by his act assumes the right to bind another, that some inquiry should be made into his power to do so. And even to a stranger, and especially a bank, to whom the bill was negotiated, it would seem not to impose an unreasonable diligence to inquire whether a partnership, which formerly existed, be still subsisting. The court instructed the jury that if they shall find there was, in good faith, a dissolution of the copartnership between the defendants, and that notice was published of the same, on the 19th of April, in a newspaper of general circulation, at Quincy, it was sufficient to discharge Tilson from liability in this action.

The jury assessed damages against the other defendant on default, and found in favor of Tilson.