By the Courtf Cowen, J.
It is settled that one partner cannot bind the other after, dissolution, even by the renewal of a partnership note. This is the making of a new contract by one for all the partners, after his authority is revoked. During the continuance of the partnership he is entitled to act for all, as their general agent. On dissolution, he ceases to hold that character, and must be considered as a mere joint debtor. This leaves to him the power of payment in respect to debts due from the firm, but with slight exception, if any, nothing more. (Bell v. Morrison, 1 *576 Pet. Sup. Court Rep. 351, 367 to 374, and the cases there cited. Bank of South Carolina v. Humphreys, 1 McCord, 388.) The doctrine was assumed without question in Vernon v. The Manhattan Co. (17 Wendell, 524, 22 id. 183, S. C.;) and may be considered as adjudicated in that case both by this court and the court of dernier resort.
The note in question, a renewal note, which had been running in the bank before the dissolution, was renewed by Seaman, one of the partners, afterwards. It was of course void in respect to Norton, his copartner, unless a power of renewal was expressly delegated at the time of the dissolution. The plaintiffs claim that such power was delegated, and base themselves on the clause in the advertisement of dissolution declaring that the business of the firm was to be settled with Seaman, who was authorized to sign the name of the firm for that, purpose. This was no more than a power to liquidate partnership demands and sanction the liquidation by the firm name. It no more gave power to renew the old note, than to give one payable in chattels. A. says to B., settle my debt with 0., and sign my name for the purposes of such settlement. It is a strained and unnatural construction to say, that B. may use A.’s name in extinguishing the old contract by executing such new one in A.’s name as he pleases. The agent can do no more than deal with the old debt by paying or stating an account. The word settle, as here used in respect to the debts due from the firm, (and the word business no doubt covers these,) is thus defined by Mr. Webster—“ To adjust ; to liquidate; to balance or to pay; as; to settle accounts.” . (Web. Dict. “ Settle,” pl. 18, 4to ed.) That this is so understood by courts, may also, I think, be collected from several of the cases cited by the learned counsel for the defendant on the argument. (Kilgour v. Finlyson, 1 H. Black, 155. Mowatt v. Howland, 3 Day, 353. White v. Union Ins. Co. 1 Nott & McCord, 561. Sanford v. Mickles, 4 John. R. 224.) Others cited by him are in point. (Abel v. Sutton, 3 Esp. R. 108, 111. Martin v. Walton, 1 McCord, 16. Hackley v. Patrick, 3 John. R. 536.) These were all cases of an express author *577 ity to settle, after dissolution, yet the first holds that the power did not extend to endorsing a partnership note even in liquidation of a partnership debt. In the second, it was denied to be a power of renewal; and in the third, a power of adjustment was denied to operate as an authority to sign an account stated. In the case at bar an express power to use the name is given; but it' is confined to the purposes of adjustment, (settlement.) The words did not work an extension of power in any respect beyond the form of doing the business.
Were the points already considered, therefore, the only ones in the case, there can be no 'doubt that the plaintiffs were properly nonsuited. No verdict, upon the ground that the endorsement being inoperative left the old claim against these parties untouched, could be taken against the firm for the original consideration. Such a position would be quite doubtful in any view; for the present note was operative as to all who had actually made and endorsed, and was doubtless received as an agreed substitute or discharge of the firm note. It was not a mere nullity, like usurious or forged paper. But a decisive answer lies in the form of the action. It was brought as a joint action for several claims under the statute of 1832, (Sess. L. p. 489,) by a declaration containing the common counts, with a copy of the note, against makers and endorsers. In such an action you cannot go behind the note immediately in suit, nor "do I see that, independently of the statute, the plaintiffs could have «. done any better. Viewed at common law, here would be a plain misjoinder of parties defendants.
These considerations, however, are not yet decisive against the plaintiffs. The note in question being an attempt to renew an old note of the firm, which lay in the plaintiffs’ bank, and was confessedly binding on the firm, the partners must be considered as dealers with the plaintiffs, who were therefore entitled to actual notice of the dissolution before they could be affected by it. (Vernon v. The Manhattan *578 Co. 17 Wend. 524; 22 id. 183. S. C. on error.) (a) Such actual notice did in fact reach Grosvenor, a director of the plaintiffs; and notice to the agent is notice to the principal. The rule, however, does not mean an agent with powers short of the transaction to which his notice relates. A director, as such, has no independent powers of business by the act incorporating the plaintiffs. (íSess. L. of 1829, p. 468, § 12.) He is but one of fifteen directors who must act as a board, and can act in no other way as directors. One may certainly be clothed with' other powers. Grosvenor, for instance, might have been made renewal agent generally, or of the note in question; and having that capacity, the notice of dissolution might have affected the bank, not as notice to a director, but to an agent representing the bank in a particular department of business. Independently of that, a notice of the dissolution given to him for the express purpose of being communicated to the board, would perhaps have been sufficient, for the duty of making the communication would then have devolved upon him as director. He must necessarily, perhaps, be considered as the agent of the bank to that extent. On this, however, we are not called upon to pass one way or the other, nor *579 do' we mean to do so. In the case at bar, he was not addressed as one of the • directors. He happened to know the fact of dissolution, as a director or other corporator may do, without perhaps being aware that the bank could be prejudiced by it Not having any intimation that it was material, it is too much, even if the point were in the case, to insist on a presumption that he ever communicated the fact to the board. Not having acquired his knowledge as director, there is no room for presumption either on the ground of duty or interest. In The Fulton Bank v. Benedict, (1 Hall, 480, 497, 557,) the judge told the jury that notice to a director who appeared to have had charge of the business to which it related was not notice to the bank, unless communicated to the board, or to the officers of the bank. Oakley, J. said the charge was too narrow for the case; adding, “ I think that under some circumstances, notice to a director ought to charge the corporation, as where the director acts in any particular business as the special agent of the bank, as in the case of Rathbone. He was one of a committee to inquire as to this very note,” &c. The Washington Bank v. Lewis, (22 Pick. 24, 31,) takes the same view of a director’s agency. In The Hartford Bank v. Hart, (3 Day, 491, 5,) the court said, the directors have certain powers resulting from their act of incorporation, and are, for certain purposes, agents, and their acts, when in strict relation to "their agency, are binding on the corporation. See also Stewart v. Huntington Bank, (11 Serg. <£* Rawle, 267, 269,) and Hayward v. The Pilgrim Society, 21 Pick. 270.) These cases show, what is indeed quite plain, that the acts of a director or> other officer of a corporation, unless official, or in respect to his agency, are no more operative as against the institution than the acts of any ordinary corporator; and these no more so than the acts of a stranger.
In the case at bar the learned judge held, that proof of publishing the notice, and actual knowledge in the director whose duty, as one of the board, it was to pass on the discount and renewal of notes, and who was therefore to be *580 regarded as the agent of the plaintiffs, was sufficient proof of their knowledge. In this we think he erred. The board were the agents for the purposes mentioned, and they should acquire this sort of knowledge as such, or at least the firm should show notice brought home to some other agent specially authorized by th'é bank, or by the course of their business, to receive it.
A new trial 'should therefore be granted, the costs to abide the event.
New trial ordered.

 As to those who have had no dealings with the firm prior to the dissolution, notice by advertisement in a newspaper of the city or county where the business is carried on will suffice. (Ketchum v. Clark, 6 John. R. 144, 147, 8. Mowatt v. Howland, 3 Day’s R. 353. Lansing v. Gaine et al. 2 John. R. 300. Nott v. Downing, 6 Lou. R. (Curry) 680, 683. Graves v.Merry, 6 Cowen’s R. 701. Kelly v. Hurlburt, 5 id. 534. Martin v. Walton, 1 McCord’s R. 16. Shaffer v. Snyder, 7 Serg. & Rawle, 503, 4. Bank of So. Car. v. Humphreys, 1 McCord, 588. Colly, on Part, 311, 312, Springf. ed. 1834.) In respect to a dormant partner, no notice whatever is requisite; he being protected from the acts of his copartners by dissolution alone. (Kelly v. Hurlburt, 5 Cowen’s R. 534. Carter v. Whalley, 1 Barn. & Adol. 11. Armstrong v. Hussey, 12 Serg. & Rawle, 315.)
It seems, that where actual notice of dissolution is necessary, proof that the party (e. g. a bank) sought to be charged with it, took a newspaper in which the notice was published, is a fact from which the jury are authorized to infer actual notice; (Bank of So. Car. v. Humphreys, 1 McCord, 388; Martin v. Walton, id. 16; and see Greene v. Merch. Ins. Co. 10 Pick. 402, 406, 7;) but is not per se equivalent to actual notice. (Vernon v. Manhattan Co. 22 Wend. 183, 191, 2. 17 id. 524, 527, S. C. See also Rowley v. Horne, 3 Bing. 2.)