The Court
said the reversal on review, in part or even in whole, of the judgment, Drew v. Williams & Drew, which was satisfied by levy under which plaintiff claims, does- not affect the first levy; and the relevy, as it is called, has precisely the same effect as a levy on a judgment recovered in any other way. Plaintiff having attached premises before the levy or relevy by Williams and Drew in September, 1795, recorded February, 1796, Jonathan Williams, with a knowledge of that attachment, could not defeat it by levy on the same land. When Haven levied in June, 1796, it related back to the attachment in July, 1795.
The jury found for the plaintiff Haven.
Motion to set the verdict aside refused.

[Judgmentfor Haven.] 
[2]

[Portions of the manuscript report which do not relate to the above question have been omitted.]

 A partial reversal, on review, of the result reached in the original suit, does not operate as a technical reversal of the original judgment. Debt may be maintained on the original judgment, notwithstanding the result of the review. Hart v. Little, Rockingham, February Term, 1804, reported ante. Nor does such a partial reversal on review affect a levy on real estate in satisfaction of the original judgment. Webber v. Sargent, *111 1802, 5 Dane, Abr. 220. Where the original defendant obtains judgment on review, a relevy by him on the same real estate which was taken from him by the levy under the original judgment will not prevail as against a mortgage executed by the original plaintiff during the pendency of the review: Hodgdon v. Lougee, Strafford, September Term, 1798, reported ante; nor as against an attachment made during the pendency of the review', to secure a debt due from the original plaintiff: Haven v. Libbey, reported above; nor will such relevy defeat the right to dower, on the part of the wife of the original plaintiff: Drew v. Munsey, Strafford, November Term, 1814, reported post.
In Little v. Bunce, 1835, 7 N. H. 485, 492, Richardson, C. J., thought it had not .been settled in this State, w'hether the judgment on review had the same effect on the original levy as a judgment of reversal upon a writ of error would have. But the eminent counsel for the defendant in that case understood the New Hampshire rule to be, that the levy was not affected by the judgment in review: p. 490. For later opinions in the same direction with the cases reported in the present volume, see Parker, C. J., in Knox v. Knox, 1841, 12 N. H. 352, 357; Fowxer, J., in Badger v. Gilmore, 1859, 37 N. H. 457, 459; Sargent, J., in Wiggin v. Janvrin, 1867, 47 N. H. 295, 296; Foster, J., in Sanford v. Candia, 1874, 51 N. H. 419, 421.
In Curtis v. Curtis, 1860, 47 Me. 525, the principle of Haven v. Libbey was applied in the case of a total reversal of the original result. In the original suit, judgment had been rendered for the plaintiff, and satisfied by levy on real estate. This real estate was conveyed by the plaintiff during the pendency of the review. Subsequently the original defendant obtained judgment on review for the full amount of the judgment which had been recovered against him in the original action. Held, that this did not invalidate the title of the grantee under the original plaintiff. This doctrine is, of course, inapplicable to fraudulent conveyances. If the land levied on to satisfy the original judgineut is conveyed by the original plaintiff without consideration, after judgment against him on review, such conveyance is fraudulent, and invalid as against a levy under the judgment in review: Footman v. Leathers, Strafford, September Term, 1803, 2 Manuscript Reports, 183; and so of such a conveyance of other real estate during the pendency of the action of review: Parsons v. McKnight, 1835, 8 N. H. 35.
“ If the original action is for the recovery of land, and the plaintiff obtains judgment, a recovery by the defendant, upon review, operates more nearly like a technical reversal. The defendant has judgment for the land, or for that part of it to which it appears he has title, and he hjs a writ of possession.” Parker, C. J., in Otis v. Currier, 1846, 18 N. H. 85, 87.
In Clarey v. Marshall’s Heirs, 1836, 4 Dana, 95, and Debell v. Foxworthy’s Heirs, 1848, 9 B. Mon. 228, the facts were as follows: A. had obtained a decree in equity against B. for the conveyance of certain real estate, and a conveyance had been executed in conformity thereto. *112 B. subsequently brought a bill of review, to correct errors of law apparent on the face of the record, and obtained a decree essentially modifying, the original decree. After the original decree, and before the filing of the bill of review, C. purchased of A. part of the real estate conveyed to him under the original decree. It was held, that C. must be regarded as a purchaser pendente lite, and that he was bound by the decree rendered on the bill of review. But the bill of review sought a very different object from a writ of review under our statute. It was not an application for a new trial of the facts, but was brought to correct errors of law apparent on the face of the record. Upon the review (6 J. J. Marsh. 448), the Court held, that only questions of law arising on the record were presented, and that an answer bringing forward matters of fact existing at the date of the original decree must be rejected. “ It in effect sought nothing more than would have resulted from a writ of error to the appellate court . . . ; not seeking a rehearing, but a reversal of the decree for error apparent in the record, and such alteration of the decree as was necessary for the correction of the error.” See Bartlett v. Fifield, 1863, 45 N. H. 81.
As to the judgment upon review of a real action founded upon a mortgage, see Otis v. Currier, 1846, 18 N. H. 85, 87, 88.
The original judgment operates as a final judgment, so far as relates to the discharge of- security taken in the original suit. Sureties on a replevin bond in the original action are not responsible in consequence of a judgment rendered on review: Bell v. Bartlett, 1834, 7 N. H. 178; nor bail in the original action: Rhoads v. Ayer, Grafton, May Term, 1809, 14 Manuscript Reports, 17; Swett v. Sullivan, 1811, 7 Mass. 342; nor indorsers of the original writ: Chace v. Ellis, Cheshire, October Term, 1803, 2 Manuscript Reports, 247; Ely v. Forward, 1810, 7 Mass. 25; Sanford v. Candia, 1874, 54 N. H. 419; nor is property attached on the original writ holden to satisfy a judgment rendered on review: Clapp v. Bell, 1808, 4 Mass. 99; Camp v. Hilliard, 1876, 58 N. H. 42.
The proceeding of review cannot be considered as “pending” before the suing out of the writ of review: Badger v. Gilmore, 1859, 37 N. H. 457; nor will permission given to a third person to defend the original suit authorize him to bring a writ of review: Pike v. Pike, 1852, 24 N. H. 384. Bellows, J., in Barker v. Barker, 1859, 39 N. H. 409, 410. (But see Fuller v. Storer, 1873, 111 Mass. 281.) If the parties in the original suit make an agreed case “for the purposes of this suit,” it will" not be evidence in a jury trial upon review. Page v. Brewster, 1877, 58 N. H. 126.
Although the original judgment is, for some purposes, regarded as a “ final ” judgment, yet it is the judgment on review, and not the original judgment, which operates as a conclusive estoppel between the parties in other proceedings : Stevens v. Sabin, 1847, 20 N. H. 529. If a review is pending, the original judgment will not be regarded as establishing the plaintiff’s right at law, so as to entitle him to an injunction in equity: Eastman v. Amoskeag Co., 1866, 47 N. H. 71; nor will the original judg *113 ment operate as an estoppel between the same parties In another suit: Haynes v. Ordway, 1870, 52 N. H. 284. (As to whether the pendency of an appeal has the same effect, in this respect, as the pendency of a review, see cases cited in Freeman on Judgments, § 328.)
In Swett v. Sullican, 1811, 7 Mass. 342, 346, 347, Parsons, C. J., speaks of the statutory review as a “ singular process,” “ unknown at the common law.” In Rhoads v. Ayer, Grafton, May Term, 1809, 14 Manuscript Reports, 17, 27, Smith. C. J., said, “ The Now England States are the only ones where this absurd doctrine of reviews of course, i. e. of right judgments as well as of wrong, prevails.”
The abolition of this absurdity was very forcibly recommended by Governor Prescott, in the annual message of 1877; and it was finally accomplished by a statute passed in 1878. Laws of 1878, c. 64.