# Gordon *against* Preston.

A corporation which, by its charter, is authorized to purchase in fee, or for any less estate, " all such lands, tenements and hereditaments, and estate, real and personal, as shall be necessary and convenient for them in the prosecution of their works; and the same to sell and dispose of at their pleasure :" has power to mortgage its real estate to secure the payment of a debt.

If a mortgage by a corporation be executed, not on a charter day, or day appointed by a by-law, but at a special meeting, convened without notice, written or verbal, to the directors who did not attend, it would be voidable by the corporation. But if no objection be made by the corporation, it will be deemed to have acquiesced in and ratified the proceeding.

A judgment creditor of a corporation cannot take advantage of such an irregularity in the execution of a mortgage by it, so as to defeat it, and entitle himself to the proceeds of the sale of the mortgaged premises.

The fact of a mortgage given for a greater sum than was due, will not avoid it, unless it be done with a fraudulent intent.

A mortgage by a corporation, executed by the members of the board of directors present, and acknowledged by them, and the seal of the corporation affixed, is a good execution and acknowledgement.

A corporator may sustain the relation of debtor or creditor in regard to the corporation, and in the latter receive a security.

Part of a conversation having been given in evidence by one party, the other is entitled to have the whole conversation from the same witness.

ERROR to the common pleas of *Lancaster* county.

This was a feigned issue directed by the court of common pleas to try the validity of a mortgage by the *President, Directors and Company for erecting a permanent bridge of the river Susquehannah at or near M'Call's Ferry*, to *Jonas Preston* and *Abraham Bailey*.

*Daniel Gordon*, the defendant in this issue, was a judgment creditor of the bridge company, and therefore interested to defeat the mortgage, by procuring a decision that it was invalid. His counsel, upon the trial of this issue, raised these points.

1. That the law creating the corporation did not authorize the company to raise money by mortgaging its real estate, which depended upon the construction of that part of the act of incorporation which is in these words : " and the said company is hereby authorized to purchase in fee, or for any less estate, all such lands, tenements and hereditaments, and estate real and personal, as shall be necessary and convenient for them in the prosecution of their works ; and the same to sell and dispose of at their pleasure."

2. That the resolution of the directors, authorizing the execution of the mortgage, was not passed at a regular and legal meeting of the board ; and that all the members had not notice of it. The facts on this subject were, that the resolution was passed, and the mortgage executed, at a special meeting convened for the purpose, at which a quorum was present, but one or more of the members had not notice and did not attend.

2 Y

[Gordon v. Preston.]

3. That the mortgage was given to secure a larger sum than was due. It was given for a larger sum than was due to *Preston* and *Bailey ;* but it was to secure other just debts of the company, although the trust was not mentioned.

4. That the execution and acknowledgement of the mortgage was not legal. The facts were, that the mortgage was signed by all the directors present, and sealed with the seal of the corporation, and acknowledged by them.

5. That the mortgage was illegal, because the mortgagees were the president and treasurer of the company, and were present at the meeting of the board when the mortgage was authorized and executed. These facts were as stated.

6. The plaintiff in error also assigned for error the admission in evidence by the court, of the declarations of *Bailey*, one of the mortgagees. The defendant's counsel had asked a witness to give evidence of the declaration of *Bailey*, which he did ; and the plaintiffs then asked the witness to state other parts of the same conversation : which was objected to, and the objection was overruled, and exception taken by the defendant.

The cause was argued in this court by

*Champneys* and *Norris*, for plaintiff in error.
*Parke*, for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—The exceptions in this multifarious record may be arranged under the following heads : 1. The power of the company to mortgage : 2. The legality of the meeting at which the mortgage was executed : 3. The amount of the mortgage debt being greater than the sum due to the mortgagees : 4. The validity of the acknowledgement and recording : 5. The power of the directors to deal with the corporate property : 6. The competency of their declarations not made in a corporate meeting.

1. By the second section of the act of incorporation, the company was authorized to purchase in fee or for any less estate, " all such lands, tenements or hereditaments, and estate real and personal, as shall be necessary and convenient for them in the prosecution of their works; and the same to sell and *dispose of* at their pleasure." According to the principle of *Lancaster* v. *Dolan*, 1 *Rawle* 131, a power to sell includes a power to mortgage, even under the statute of uses, though strictly construed; and *a fortiori* it ought under a statutory grant which is to be beneficially construed in furtherance of the object. But the superadded words, " dispose of," which would otherwise be redundant, leave no doubt of the existence of an intent to give the corporation power to part with its real estate by any voluntary act, without regard to the mode of its operation; and, as a power to incumber, might be necessary to the prosecution of its works, it is not to be doubted that it was intended to be given.

2. On the other hand it is equally clear that the mortgage did not originally bind the corporation. It was executed not on a charter day, or a day appointed by a by-law, but at a special meeting convened without notice written or verbal to the directors who did not attend. When the day has not been fixed by other competent authority, this notice is indispensable to a legal convention for the transaction of even the ordinary business. But here an extraordinary act was to be performed; the hypothecation of the real estate; and there was, therefore, the greater reason that all the directors should be summoned. The board consisted of nine members, a bare majority of whom, being competent, assembled to perform the act; and hence it might happen in such a case, if no more were summoned, that the major part of this majority, being a third of the whole, would perform it in opposition to the will of the two-thirds. To prevent such a conjuncture, it is necessary to give at least an opportunity for an expression of the voices of all.

But can the act be impugned now? A corporation can contract but by its agents, general or special; and in pursuance of powers delegated specially by its grant to particular persons, or generally, by its charter, to the officers entrusted with its affairs. Hence, the members of this board stood in relation to it, as servants whose acts may be disaffirmed for defect of authority, but by their master. But the maxim which makes ratification equivalent to a precedent authority, is as much predicable of ratification by a corporation as it is of ratification by any other principal, and it is equally to be presumed from the absence of dissent. Now the validity of this mortgage is unquestioned by the corporation even at this day, though its existence has all along been known to the corporate officers, whose duty it was to disavow it, had there been an intent to contest it. The corporation then being satisfied with it, who has a right to object? In the *Silver Lake Bank* v. *North*, 4 *Johns. Cha. Rep.* 373, it was supposed that the right of a bank to take a mortgage as a concurrent security, though prohibited by the charter, could be contested only by the state, in a direct proceeding to establish a forfeiture, and not collaterally by a stranger. In that case, the want of authority arose out of the provisions of the charter; in this, out of the negligence of the corporate officers: but the principle is broad enough to cover both, as it was thought that none but the parties to the act of delegation were competent to allege the existence of a defect in the authority. That the mortgagees were members of the board, cannot prejudice their title; for treating with the corporation as individuals, and consequently as strangers, they were not bound to inquire into the regularity of the convocation, or to know that some of the corporators had not been summoned. Appearing at the meeting to mingle in the business of it, not as agents of the corporation, but as parties treating adversely to its interests; they are presumed, as corporators, to know nothing which a stranger would not be bound to know. Then, granting the defendant, as a judgment creditor, to have succeeded to the rights

[Gordon v. Preston.]

and capacity of the corporation, his succession did not occur till after more than eight months from the performance of the act, during all which time the corporation was silent, though the absent members had notice of the mortgage by the minutes.   At the period of the defendant's succession, then, the time for objection had gone by, and if it had not, still even he was quiescent till about the time of awarding the issue, in which the validity of the mortgage is drawn into question.   To disaffirm it now, when every opportunity of obtaining any other security is lost, would be unconscionable ; and the act, therefore, though originally unauthorized, must be taken to have been subsequently ratified.

3. The circumstance that the amount included was more than what was demandable, if such were the fact, would not avoid the mortgage for the sum actually due.   Such was deemed to be the law in *Irwin* v. *Tabb*, 17 *Serg. & Rawle* 319, and the cases there cited.   But the mortgage was in fact given for the benefit of other creditors, whose debts are not disputed ; and, though the trust is not expressed in the instrument, evidence was proper to explain the true nature of the transaction, and negative any imputation of actual fraud.

4. It does not appear that the seal of this corporation was confided to the custody of any particular officer.   It was affixed to the mortgage by the corporators present as such, together with their signatures ; and, as the statute requires the acknowledgement of the grantor, or proof of execution to be made by the subscribing witnesses, the latter is contended to be, from the nature of the case, alone practicable.   But a corporation may appoint an attorney for that or any other purpose ; and where the officers or members of the body are competent to affix the seal, it would be strange if they were not competent also to declare the fact, especially as it lies more immediately within the knowledge of those who performed the act, than it would be within the knowledge of a special attorney.

5. That a corporator may sustain the relation of debtor or creditor in regard to the corporation, and in the latter receive a security, is a proposition which requires not the aid of an argument ; and here the existence of a meritorious debt is not disputed.

6. Declarations of *Bailey* to *M'Call* were first given in evidence by the defendant, and the plaintiffs were therefore entitled to all that was said by him.   His admissions were material, not as a corporator, (for he was not a director, but the treasurer, and as such had nothing to do with the mortgage), but as a creditor, whose debt, among others, was secured by it ; and it is a common rule, that a party cannot avail himself of a confession by selecting a particular part of it.

Neither in this, nor in any other part of the record, therefore, do we discover any error.

Judgment affirmed.