### LOUISIANA STATE BANK *vs.* SENECAL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Directors are not officers of a bank in the proper sense of the word; nor have they, *individually*, any power or control in its management. They act collectively, and at stated times: they are not the mandatories or agents of the bank.

So, where a note was discounted at the instance of one of the directors, who knew, but failed to disclose, a condition on which it was given, to wit, that it should not be negotiated, nor payment exacted, until certain mortgages were released: *Held*, that the bank is not to be considered as cognizant of the condition, and is entitled to recover.

This is an action by the bank against the endorser of a promissory note. The case was remanded from this court at April Term, 1837, to allow the defendant to offer evidence that he endorsed the note for the accommodation of the drawer, and that it was stipulated by the vendor, in an act of sale, that the note should not be negotiated, nor payment exacted until certain mortgages, existing on the property for which it was given in part payment of the price, should be raised. See 11 *Louisiana Reports*, 29.

On the return of the case to the Parish Court, it was submitted to a jury.

The evidence shows that the note in question was given by A. L. Boimaire, for part of the price of certain property sold by Madame Peychaud and her husband, and the defendant endorsed it. Peychaud was a director in the Louisiana State Bank, and offered the note for discount. The act of sale contained a condition that the note should not be negotiated, nor payment exacted, until a certain mortgage existing on the property should be raised. Peychaud withheld this fact from the knowledge of the board when the note was discounted.

Boimaire, to whom the property had been sold, failed, and made a surrender of this same property, which was sold by the syndic, who offered to pay over the proceeds of the sale, as they were received, to the bank, on account of this note, which was refused.

The judge presiding refused to charge the jury that Peychaud, even when offering the note for discount, being a director, must be considered as the agent or mandatory of the bank. The refusal to charge, and the charge to the jury, were excepted to by defendant's counsel.

There was a verdict and judgment for the plaintiffs, and the defendant appealed.

*Grima*, for the plaintiff, insisted that the judgment was correct, and should be affirmed.

*Hennen*, for the appellant, contended, that the fact of Peychaud being a director, and procuring the note to be discounted, was full notice to the bank of the condition in the note that payment was not to be demanded until the general mortgage was released, which was made an express condition.

2. Peychaud was a director, and consequently the agent or mandatory of the bank; and notice to him was notice to the bank. The principal is presumed to know whatever is known to the agent in matters concerning the agency; and if one of two innocent persons suffer from the fraud and negligence of a third, the question is, which of the two gave credit. See *Hammond's Treatise on Principal and Agent*, 278.

*Rost, J.*, delivered the opinion of the court.

This case has been twice before this court, and the facts of it are fully stated in the printed report of the last decision, 11 *Louisiana Reports*, 29. It was remanded to enable the defendant to prove that the note upon which he is sued had been discounted by the plaintiffs, with the knowledge of certain stipulations in a notarial act, under which said note was not to be negotiated until certain general mortgages, existing upon the property for which it had been given, were raised. The Parish Court gave judgment against him, and he appealed.

EASTERN DIST.

*May*, 1839.

LA. STATE BANK
*vs.*
SENECAL.

It was proved on the trial, that the note was given in payment of land sold by Mrs. Peychaud, and was delivered to her husband, Anatole Peychaud, who had signed with her the deed of sale. That·deed contains a clause that the note upon which this action is brought shall not be negotiated, nor the payment thereof exacted, until the property sold shall be fully released from all liabilities resulting, or to result, from certain general mortgages then existing upon it. Peychaud, being at that time a director of the Louisiana State Bank, offered the note for discount, before the mortgages were raised; was present at the board when it was acted upon; took no part in the discount of it, and gave no information to the board in relation to the restrictions contained in the act of sale. The note was discounted for his benefit, and the defendant now contends that he was the agent of the bank, and that the knowledge of the agent being the knowledge of the principal, the plaintiffs are to be considered as having received notice, and ought not to recover. If the knowledge of those facts had been brought home to the president or cashier, we would unhesitatingly say that the plaintiffs were bound by it, they being the executive officers of the bank, upon whom all notices and process may be served. But directors are not officers of the bank, in the proper sense of the word, nor have they individually any power or control in the management of its concerns: they act collectively, and at stated times, and have otherwise no more to do with the general management of

*Directors are not officers of a bank in the proper sense of the word, nor have they, individually, any power or control in its management. They act collectively and at stated times. They are not the mandatories or agents of the bank.*

*So, where a note was discounted at the instance of one of the directors who knew, but failed to disclose a condition on which it was given, to wit, that it should not be negotiated nor payment exacted, until certain*

EASTERN DIST.
May, 1839.

ROBERT ET AL.
vs.
COMMERC'L B'K.

mortgages were released: *Held,* that the bank is not to be considered as cognizant of the condition, and is entitled to recover. the institution than the other stockholders. The director, in this instance, had a direct interest in suppressing the information he possessed; and it would be extending constructive notices beyond all reasonable bounds to say that the plaintiffs must be held cognizant of facts which are proved to have been intentionally concealed from them, by a person who, individually, was neither their officer nor their agent.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.