LOOMIS, CAMPBELL & CO. v. THE EAGLE BANK OF ROCHESTER.

1. A *bona fide* indorsee of commercial paper, without notice of a claim of recoupment against the payee, can not be affected by such claim in his action against the maker.
2. Where the payee of a note happens to be a director of the bank that discounts the note, for his benefit, without notice of the maker's claim for recoupment, the bank can recover as an innocent *bona fide* holder without notice.
3. Neither directors nor stockholders can create a corporate liability without special power so to do; the confessions, admissions, or knowledge of either, while not engaged in the precise business intrusted to them, can not affect the corporation.

GENERAL TERM.—Proceeding in error to reverse a judgment of Gholson, J., rendered against the plaintiffs in error at the April special term, A. D. 1856.

Action below was against Loomis, Campbell & Co., as makers of a promissory note, payable to the order of E. Gilbert & Co., of Rochester, N. Y. The note was given in payment of powder furnished and to be furnished to the makers by the payees; and the makers set up that the payees had refused to deliver certain powder in accordance with the contract existing between the parties; and that by reason of the failure to deliver, they had been damaged, etc.; and allege that the plaintiff was advised of the claim of the makers at the time of discounting the note.

The other material facts appear in the decision.

*Collins & Herron,* for plaintiffs in error.

*Lord & Wright,* for defendant in error.

STORER, J., delivered the opinion of the court.

The determination of this case involves a single question, and as it is resolved, the judgment at special term must be reversed or affirmed.

*First.* How far is the defendant in error affected, as indorsee of the promissory note, by a knowledge, on the part of one of its directors, that the makers, at the time it was discounted, set up a claim to recoup a part of the amount for an alleged breach of a contract between the makers and payees?

The case shows that one of the directors of the bank was the payee of the note, and that it was transferred by him for value before it became due, without any knowledge, on the part of the bank, of the makers' claim. He seems to have been a member of the finance committee, but whether he was present when the note was discounted, or took any part in their action, is not in evidence.

On this state of facts, the judge in special term held that the knowledge of the indorser of the defendants' claim, or his intention even to transfer the note, to prevent a *recoupment,* could not affect the indorsees, unless they had actual notice of the counter-claim, or were privy to the purpose for which the transfer was alleged to be made.

This is the general rule, and we may well suppose, that if the point before us had been raised by the maker of a note, indorsed before due to a third person in good faith, whatever may have been the conduct of the payee toward the maker, if he did not disclose the want of consideration to his indorsee, and there are no circumstances connected with the contract, or the mode of its transfer, to put him upon inquiry, his title would be perfect.

Is the fact that the indorser is a director of the bank, at the time of discount, an exception to the principle?

A corporation may be charged with knowledge of a transaction, through its agents, in the same manner, and to the same extent, as private persons; but it must be while the director is engaged in the business of the corporation, and is authorized to transact it.    5 Hill N. Y. 101, *McEwen* v. *Montgomery County Mut. Ins. Co.;* 3 Day, 491, *Hartford Bank* v. *Hart;* 2 Hill N. Y. 451, *Bank U. S.* v. *Davis.* See also Dunlap's Paley on Agency, 266, note *h.*

And even when "an act is to be done by a board of directors, as, for example, in the discounting of notes, they ought to have official notice of any illegality, or informality, affecting the notes. Notice to one director only, unknown to the others, ought not to bind the bank." Story on Agency, §140, *b.*

In 22 Pick. 24, 32, *Washington Bank* v. *Lewis,* is a case similar to the present. There, a director procured a note to be discounted, which was afterward disputed by the maker for fraud; but the court said: "Thompson, the indorser, was the only party applying for the discount, and was not acting as director, and could not, with any propriety, so act. He was the party with whom the bank contracted in discounting the note, and to whom the money was paid; and it is perfectly clear that the defense can not be maintained." See also 4 Paige, 136, *Fulton Bank* v. *New York and Sharon Canal Co.;* 10 Watts, 402, *Bank of Pittsburg* v. *Whitehead, et al.*

So in 13 La. 525, 527, *Louisana State Bank* v. *Senecal,* a controversy arose in relation to the validity of a note transferred to the bank by one Peychard, and it being charged that Peychard, who procured its discount, was a director at the time, and his knowledge became that of the bank; but the court ruled that the defense could not be sustained, though the indorser was present at the board when the note was discounted, yet took no part in this transaction.

As we already intimated, the general principle which controls the relation of makers, indorsers, and indorsees, applies, in all its force, to corporations.   The corporate

body is a legal entity, representing all the stockholders; its business is, by its very constitution, deputed to others, whose functions are defined, and who act solely by virtue of the power delegated them. They possess no right, as stockholders, merely to bind the other members; and the same disability attaches not only to stockholders, but to directors also. As neither can create any corporate liability, without special power so to do, so the confessions, admissions, or knowledge of either, while not engaged in the precise business confided to them, can not affect the corporation.

To use the language of an eminent jurist: "If it is once promulgated that the private knowledge of any director of a bank, or of any member of an official board, is binding upon the bank, although unknown to the other members of the board, it will be found difficult to circumscribe the *doctrine* practically, within any bounds short of binding the corporation in all cases where any director has such private knowledge."

Such an assumption would prevent the purchase of notes and bills by a bank of its directors or stockholders; interrupt the usual course of commercial exchange; and by modifying, without good reason, the principle which protects the innocent holder of any negotiable instruments (to suit a certain condition of parties), might very easily be extended so far as to impair the value of the principle itself. This we are not inclined to do.

Judgment affirmed.