JUDGE WOOD
DELIVERED THE OTINIOH OE THE court:
The plaintiff below declared upon a judgment of a court of record of the State of Pennsylvania in favor of Scantlin and wife against the appellee, to one half of which judgment plaintiff was entitled, according to his claim.
After divers steps taken in the action, the defendant plead that there was no such record as the one declared on.
Upon inspection, it was adjudged by the circuit court that there was no such record, and judgment was rendered in bar of the plaintiff’s action. From this judgment he has appealed.
We are satisfied that the judgment of the court below, upon the plea of nul tiel record, was erroneous.
Upon an examination of the record, it is found that it is correctly set forth and described in the petition. No discrepancies are found between the judgment declared on and the allegations of the petition in reference to it. The copy exhibited shows all of the material parts of a record — the original writ and arrest, the declaration in the old form, the plea of the defendants, the trial by jury, the verdict, and judgment thereon. It is certified as required by the act of Congress.
In obedience to the Constitution of the United States, (art. 4, sec. 1,) we are bound to give full faith and credit to this as a record of judicial proceedings had in a sister state of the union.
It is true, as said by counsel in argument, there are differences between the papers filed, which purport to be copies of the same record. But these differences are in immaterial points, and do by no means prove that there is no such record as the one declared upon by plaintiff.
. Records of judicial proceedings in the State of Pennsylvania are made up and kept in a mode very different from the old English mode, and very different from that which we use. We have seen some very curious specimens of Pennsylvania records. But we have nothing to do with that. Their forms of pro- ■ cedure must be regulated by themselves, not by us. And when they send us a record, authenticated according to the act of congress, passed under the authority of the federal constitution, we must give to it full faith and credit. For these reasons we *311 are of opinion that the judgment of the circuit court, upon the plea of nul tiel record, ought to have been for the plaintiff.
This, however, is not the first error found in the record. The plaintiff filed three petitions, the original and two amended petitions. Upon the filing of the last amended petition, it is stated in the record that the defendant demurred to the whole case.
This, perhaps, is not a very artificial, but certainly quite a significant mode of statement of what the party did. This “ demurrer to the whole case,” as the record calls it, put in issue the sufficiency of each and all of the facts alleged in the petitions, whether original or amended, to constitute a cause of action.
It raised the question of the right of plaintiff to the half of the judgment upon which his action was founded. For if he had no right to that, he could not maintain his action, as the pleadings then stood.
We inquire, then, had he shown himself entitled to one half of the Pennsylvania judgment?
It is true that he had stated that he had right to it; but he went further, and stated, in his amended petition, the particular manner in which he acquired the right, and made part of his petition the alleged contracts under which he claimed.
tie exhibited the assignment from McCandless and McClure to himself, and the contract between his assignors and Scantlin, by virtue of which they claimed half of the judgment. The assignment from McCandless and McClure passed to plaintiff their interest in the judgment, if they had any. But had they an interest?
It is apparent that the contract between McCandless and McClure and Scantlin was entered into'before judgment was obtained in the suit against Collins and others, and whilst said suit was pending.
Here is an agreement between attorney and client, that the attorney shall have, as a fee for his services in maintaining the suit, part of the thing recovered. It is a contract to aid in the suit, and then divide the thing recovered. This was a cham-pertous contract, one denounced expressly by statute, and against *312 the common law, and was void. (Rust vs. Larue and others, 4 Littell, 411; Arden, &c., vs. Patterson, 5 Johnson's Chy. Reports, 44.)
This court will presume, until the contrary is alleged and proved, that the common law is yet in force in the state of Pennsylvania.
Miles, in attempting to manifest his right to part of the judgment, exhibits with, and makes part of his amended petition, a contract void by the common law. By virtue of this void instrument no right in the judgment was acquired. Pie therefore failed to show a right of action in himself, and the demurrer should have been sustained.
It is possible that the common law has been altered in Pennsylvania by statute, and that the contract under which Miles claimed was not void. We find in the record a deposition tending to show that this is true. If it be true that such change has been made by statute, the fact should have been stated in the petition, and then proved.
If the demurrer had been sustained at the proper time, plaintiff would have been allowed to amend his petition in this respect; and we think that opportunity should still be allowed him.
We will notice another ground of objection to the petition, taken in argument by the counsel of Collins. It is said that “ at the common law imprisonment for debt under a ca. sa. operated as a discharge of the judgment;” that plaintiff states that the defendants were arrested and imprisoned under a ca. sa. issued upon this judgment, and that they were discharged from custody upon their own application, without stating the grounds of their discharge. And it is contended that the allegations are not sufficient to show that, by the laws of Pennsylvania, the imprisonment did not discharge the judgment.
We do not deem it necessary here to discuss the effect of imprisonment upon the judgment, at common law. For it seems to us that the allegations are sufficient to show that, according to the law of Pennsylvania, the arrest and imprisonment of the defendants, and their subsequent release, did not discharge the judgment.
*313 It is alleged that they were discharged upon their own application, without paying or satisfying the judgment or any part thereof — that by the laws of Pennsylvania the discharge of the defendants, Collins and Gray, from imprisonment on their own application, only released their liability to be imprisoned again; but they were liable, after their discharge, to pay the judgment, and still are liable, as the laws of said state show.
The petition in this respect does not appear to be defective.
If, in fact, the judgment was satisfied by the arrest and imprisonment of the defendants, this fact may be pleaded upon the return of the cause to the circuit court.
For the error aforesaid, in the judgment upon the plea of nul liel record, the judgment is reversed, and the cause remanded, with direction to sustain the demurrer of the defendant and to give leave to plaintiff to amend his petitions.