FAIRFIELD SAVINGS BANK *vs.* ISAAC CHASE.

Somerset. Opinion May 13, 1881.

*Notice. Savings bank, knowledge of a trustee of. Agency. Knowledge of agent before employment.*

A notice to a bank director or trustee, or knowledge obtained by him while not engaged either officially or as an agent or attorney in the business of the bank, is inoperative as a notice to the bank.

Knowledge of an agent obtained prior to his employment as agent, and which he has no personal interest to conceal, will be an implied or imputed notice to the principal, when the knowledge is so fully in mind that it could not at the time have been forgotten, and relates to a matter so material to the transaction as to make it the agent's duty to communicate the fact to his principal. In such case the presumption that an agent will do what it is his duty to do, having no personal motive or interest to do the contrary, is so strong that the law does not allow it to be denied.

ON EXCEPTIONS.

Writ of entry to recover possession of a certain parcel of land, described in a mortgage from John W. Chase to the plaintiff corporation, dated the tenth day of March, 1876, and duly recorded on that day. The defendant seasonably disclaimed as to one undivided half of the demanded premises, but claimed title to the other undivided half. The plea was the general issue as to the undivided half claimed by the defendant. The defendant based his claim to one undivided half upon a deed from John W. Chase to him, dated the eighth day of March, 1876, but not recorded till the twenty-eighth day of March, 1876.

The attorney who wrote and took the acknowledgment of both the deed and the mortgage, was at that time a trustee of the plaintiff corporation. It was not claimed at the trial that any other officer of the bank had any knowledge of the existence of the deed to the defendant, at the time of the execution or recording of said mortgage.

The court, for the purpose of settling a question of fact, ruled, *pro forma*, that if the attorney, at the time of the execution of the mortgage, had knowledge that the deed had been executed

and delivered by John W. Chase to the defendant, this would be sufficient notice to the plaintiff corporation to overcome the legal effect of the fact that the mortgage was recorded before the deed, and that, if the jury should find that the attorney had such knowledge, they should return a verdict for the defendant. The jury, under this instruction, returned a verdict for the defendant.

To the foregoing instructions the plaintiff excepted.

*Brown and Howard,* for the plaintiffs, cited: 2 Daniels on Neg. Insts. 49; *Louisiana State Bank* v. *Ellory,* 16 Mart. 87; *Cross* v. *Smith,* 1 M. & Sel. 545; stat. 1877, c. 218 § § 2, 4; *Commercial Bank* v. *Cunningham,* 24 Pick. 270; 22 Pick. 24; 14 Mass. 180; 1 Met. 294; 7 Gray, 465.

*Walton and Walton* for the defendant, claimed that Brown was acting for the bank in drawing the mortgage from John W. Chase, and that his knowledge of the prior deed was a sufficient notice to the bank, and cited: *Jones* v. *Bramford,* 21 Iowa, 217; *Musgrove* v. *Brouser,* 5 Oreg. 313; 3 Wash. R. P. 3d ed. 283; *The Distilled Spirits,* 11 Wall. 356; *Hovey* v. *Blanchard,* 13 N. H. 145; *May* v. *LeClaire,* 11 Wall. 217; 1 Pars. Contr. 5th ed. 77; *Reed* v. *Ashburnham R. R. Co.* 120 Mass. 47.

PETERS, J. A notice to a bank director or trustee, or knowledge obtained by him, while not engaged either officially or as an agent or attorney in the business of the bank, is inoperative as a notice to the bank. If otherwise, corporations would incur the same liability for the unofficial acts of directors that partnerships do for the acts of partners; and corporate business would be subjected oftentimes to extraordinary confusion and hazards. Carry the proposition, that notice to a director is notice to the bank, to its logical sequence, and a corporation might be made responsible for all the frauds and all the negligences, pertaining to its business, of any and all its directors not officially employed. Any one director would have as much power as all the directors.

A single trustee or director has no power to act for the institution that creates his office, except in conjunction with others. It is the board of directors only that can act. If the board of

directors or trustees makes a director or any person its officer or agent to act for it, then such officer or agent has the same power to act, within the authority delegated to him, that the board itself has. His authority is in such case the authority of the board. Notice to such officer or agent or attorney, who is at the time acting for the corporation in the matter in question, and within the range of his authority or supervision, is notice to the corporation. Abbott's Trial Ev. 45, and cases in note; *Fulton Bank* v. *Canal Co.* 4 Paige, 127; *La Farge Fire Ins. Co.* v. *Bell*, 22 Barb. 54; *National Bank* v. *Norton*, 1 Hill (N. Y.), 578; *Bank of U. S.* v. *Davis*, 2 Hill (N. Y.), 454; *North River Bank* v. *Aymar*, 3 Hill (N. Y.), 263; *Ins. Co.* v. *Ins. Co.* 10 Md. 517; *Bank* v. *Payne*, 25 Conn. 444; *Farrell Foundry* v. *Dart*, 26 Conn. 376; *Smith* v. *South Royalton Bank*, 32 Vt. 341; *Washington Bank* v. *Lewis*, 22 Pick. 24; *Commercial Bank* v. *Cunningham*, 24 Pick. 270; *Housatonic Bank* v. *Martin*, 1 Met. 308; 1 Pars. Con. *77; Story Agen. § 140; South. Law Rev. N. S. vol. 6, p. 45; *Hoover* v. *Wise*, 91 U. S. 308.

Another question arises in the case before us. It appears that Brown's knowledge of a previous conveyance was acquired anterior to his employment by the bank, if employed by the bank at all, and not during or in the course of his employment on their account. The question is, whether a principal is bound by knowledge or notice which his agent had previous to his employment in the service of the principal.

Upon this question the authorities disagree. The negative of the question has been uniformly maintained in Pennsylvania and some other of the states. In the late case of *Houseman* v. *The Building Association*, 81 Penn. St. 256, it was said, that " notice to an agent twenty-four hours before the relation commenced is no more notice than twenty-four hours after it has ceased would be." But we think, all things considered, the safer and better rule to be that the knowledge of an agent, obtained prior to his employment as agent, will be an implied or imputed notice to the principal, under certain limitations and conditions, which are these: The knowledge must be present to the mind of the

agent when acting for the principal, so fully in his mind that it could not have been at the time forgotten by him; the knowledge or notice must be of a matter so material to the transaction as to make it the agent's duty to communicate the fact to his principal; and the agent must himself have no personal interest in the matter which would lead him to conceal his knowledge from his principal, but must be at liberty to communicate it. Additional modification might be required in some cases.

These elements appearing, it seems just to say that a previous notice to an agent is present notice to the principal. The presumption, that an agent will do what it is his right and duty to do, having no personal motive or interest to do the contrary, is so strong that the law does not allow it to be denied. There may be instances where the rule operates harshly; but, under the rule reversed, many frauds could be easily perpetrated. Of course, the knowledge must be that of a person who is executing some agency, and not acting merely in some ministerial capacity, as servant or clerk. For instance; if in the present case Brown had merely taken the acknowledgment of the deed to the bank, or had transcribed the deed as a clerk or copyist, such acts would not have imposed a duty to impart his knowledge to the bank. But if employed to obtain the title for the bank by a deed to be drawn by him for the purpose, that would place the transaction within the rule. Jones Mort. (2nd ed.) § 587. Notice of the existence of an unrecorded mortgage upon the property to an officer employed to make an attachment, is notice to the plaintiff. *Tucker* v. *Tilton*, 55 N. H. 223. In the case before us, Brown, it is claimed by the defendant was employed by the bank to make an instrument to convey a title from a person to the bank. Brown knew that such person had not the title. It would be his duty to so inform his client. He would be likely to do so. He had no motive not to do it. The law conclusively presumes that he did inform him. We think such a case comes reasonably within the rule, though it is not so marked a case as it would be if Brown had been employed by the bank to ascertain if the grantor had the title, and if he had then to make the deed.

The general rule or principle touching this case, guarded by the cautions and conditions stated, is supported by the later English cases, although the earlier English cases went the other way; is also the law of the United States Supreme Court; and is, we think, sustained by a preponderance of opinion in the state courts where the question has been discussed. *Fuller* v. *Bennett*, 2 Hare, 394; *Dresser* v. *Norwood*, 17 C. B. (N. S.) 466; *Rolland* v. *Hart*, L. R. 6 Ch. App. 687; *The Distilled Spirits*, 11 Wall. 356; *Hovey* v. *Blanchard*, 13 N. H. 148; *Hart* v. *The Bank*, 33 Vt. 252; *Suit* v. *Woodhall*, 113 Mass. 391; *National Bank* v. *Cushman*, 121 Mass. 490; *Anketel* v. *Converse*, 17 Ohio St. 11; *Hoppock* v. *Johnson*, 14 Wis. 303; *Lawrence* v. *Tucker*, 7 Maine, 195; Jones Mort. (2nd ed.) § 584, and following sections and notes. Many other cases, on both sides the questions, will be found cited and reviewed in a learned article in the Amer. Law Reg. (Phila.) New Series, vol. 16, p. 1.

An application of this rule to the facts of this case, requires the verdict to be set aside. S. S. Brown, while a trustee of the Fairfield Savings Bank, had actual knowledge that John W. Chase had deeded certain land to Isaac Chase. Knowing that fact, he as an attorney wrote and took the acknowledgment of a mortgage of the same land from John W. Chase to the bank, and the mortgage was recorded first. The question was whether the bank had knowledge of the prior deed when the mortgage was taken. The *pro forma* ruling that the knowledge of Brown was sufficient notice to the bank to overcome the legal effect of the fact that the mortgage was recorded before the deed, irrespective of the further question whether Brown was, at the time of making the mortgage, acting as an attorney in the business and employment of the bank or not, was erroneous. It is contended that the evidence shows that Brown was acting for the bank. But the fact being at least questionable, it should have been passed upon by the jury.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.