## CLARK v. MARSHALL.

An incorporated or unincorporated person, buying property for full value of one who is his agent, is not chargeable with constructive notice of the grantor's undisclosed purpose to hinder and delay his creditors.

On the plea of *nul disseizin*, title in a third person is a defence.

The knowledge or intent with which an act is done, when material, may be proved by the direct testimony of the actors.

WRIT OF ENTRY. The plaintiff claims title under two attachments, one made August 23, 1880, and the other September 4, 1880, in suits brought by him against W. C. Marshall, a brother of the defendant, and the levy of executions issued in those suits. July 9, 1880, W. C. Marshall, who then owned the premises, conveyed them for value to the Lexington Mills, a corporation then recently formed, of which he was the general manager and a director. Subsequently, pursuant to a vote of the corporation, W. C. Marshall as their treasurer conveyed the land to the defendant, who was also one of the directors. The plaintiff claimed that W. C. Marshall conveyed the land to the corporation for the purpose of defrauding his creditors, of whom the plaintiff was one; that the corporation was formed, principally through W. C. Marshall's efforts, for that purpose; and that the company were chargeable as a matter of law with notice of his fraudulent intention in the matter, because he was their principal officer and agent. The jury were instructed that the knowledge of Marshall, although a direc-

tor and general manager, would not be the knowledge of the corporation if no other director was aware of his fraudulent purpose; and the plaintiff excepted.

Two questions were submitted to the jury, viz.,—1. Did W. C. Marshall convey to the Lexington Mills with intent to hinder, delay, or defraud his creditors? 2. If such was his purpose, did the Lexington Mills assent to the sale with knowledge of such purpose? The jury did not agree on an answer to the first question, and answered the second in the negative. A general verdict was thereupon ordered for the defendant, and the plaintiff excepted.

The by-laws of the corporation provided for a corporate seal, but a common seal only was affixed to their deed to the defendant, and the plaintiff excepted to its admission as evidence of title. W. C. Marshall was called as a witness by the plaintiff, and testified on cross-examination as to the circumstances under which the corporation was formed; and, as bearing on the question of the good faith of the corporation in taking the conveyance of the mill property, and after testifying that if he had sold stock as he expected he would have been able to pay his creditors without delay, he testified, subject to the plaintiff's exception, that he asked several persons to buy some of the stock, who promised to do so, but finally took none, and that it was no part of his purpose in forming the corporation to defraud his creditors. The testimony of other directors, that they knew of no such purpose on his part, was admitted subject to exception.

*Barnard & Barnard*, for the plaintiff. The knowledge of W. C. Marshall was the knowledge of the corporation. *Scripture* v. *Soapstone Co.*, 50 N. H. 571; *Hovey* v. *Blanchard*, 13 N. H. 146, 149; *Marshall* v. *Insurance Co.*, 27 N. H. 157; *Campbell* v. *Insurance Co.*, 37 N. H. 35; *Patten* v. *Insurance Co.*, 40 N. H. 375; *Fitzherbert* v. *Mather*, 1 T. R. 12; *New York &c. Railroad* v. *Schuyler*, 34 N. Y. 30, 84; *Pierce* v. *Insurance Co.*, 50 N. H. 297; *The Distilled Spirits*, 11 Wall. 356; *Bridgeport Bank* v. *Railroad*, 30 Conn. 231; *Hoffman &c. Co.* v. *Cumberland Co.*, 16 Md. 456; *Dresser* v. *Norwood*, 17 C. B. N. S. 466; *Hart* v. *Bank*, 33 Vt. 252; *Bank* v. *Davis*, 2 Hill 451, 462; *Factors' &c. Ins. Co.* v. *Marine &c. Co.*, 31 La. An. 149; *Blodgett* v. *Webster*, 24 N. H. 91, 103; Ang. & A. Corp., s. 305.

*E. A. Hibbard* and *T. J. Whipple*, for the defendant.

STANLEY, J. The verdict that the corporation did not accept the conveyance of the property with knowledge of a fraudulent purpose on the part of the grantor, rendered the question of his fraudulent purpose immaterial. However much such a purpose may have influenced him in forming the corporation and conveying his property to them, his innocent grantees, who paid a valua-

ble consideration for the conveyance, acquired a good title as against his creditors. *Seavy* v. *Dearborn*, 19 N. H. 351, 358; *Robinson* v. *Holt*, 39 N. H. 557, 561. The principal inquiry is, whether there was error in the instructions that if the grantor's purpose was fraudulent, his knowledge of his purpose would not be the corporation's knowledge.

The general rule is that notice of facts to an agent is constructive notice thereof to the principal himself, where it arises from, or is at the time connected with, the subject-matter of his agency. Sto. Ag., s. 140; *Hovey* v. *Blanchard*, 13 N. H. 145. And as the officers of a corporation are its agents within the scope of their duties, notice to them may be conclusive evidence of notice to the corporation. *Campbell* v. *Insurance Co.*, 37 N. H. 35; *Patten* v. *Insurance Co.*, 40 N. H. 375; *Scripture* v. *Soapstone Co.*, 50 N. H. 571, 584; *Fulton Bank* v. *Canal Co.*, 4 Paige 127; *Factors' Ins. Co.* v. *Dock Co.*, 31 La. An. 149; *Bridgeport Bank* v. *Railroad*, 30 Conn. 231; *Winchester* v. *Railroad*, 4 Md. 231; Ang. & A. Corp., s. 305. But the application of this rule is limited by the reasons that sustain it. In the case of an agent representing only his principal in dealing with a third party, public policy requires that his knowledge of material facts affecting the transaction should be regarded as the knowledge of the principal; otherwise, the transaction of business with agents would be extremely hazardous. The ordinary contract of agency implies a duty on the part of the agent to communicate to his principal his knowledge of such facts as it is important the principal should know with reference to the business of the agency, and strangers are protected in presuming the performance of this duty. Sto. Ag., s. 140; *The Distilled Spirits*, 11 Wall. 356, 367. But if an agent has a personal interest antagonistic to that of his principal in the subject-matter of the contract, as in the case of the sale or transfer of his property to the latter, his relation is changed, and as to that transaction he is acting, not for his principal, but for himself. If the accomplishment of a fraud on his creditors is his purpose, it is not presumed that he will make a disclosure that may prevent the sale or defeat his attempted fraud. In this case, the agent was not authorized by his grantees to invalidate their title by his undisclosed knowledge of his own fraudulent purpose. It was not legally possible for him to assume the position of a representative of opposing interests, and to act for himself as vendor and also as agent of the vendees. 1 Pars. Con. 86. The instructions given to the jury are correct on principle, and are supported by numerous authorities. *Winchester* v. *Railroad*, supra; *Barnes* v. *Gas Light Co.*, 27 N. J. Eq. 33; *Wickersham* v. *Zinc Co.*, 18 Kans. 481; *La Farge Ins. Co.* v. *Bell*, 22 Barb. 54; *Lyne* v. *Bank*, 5 J. J. Marsh. 545; *Bank* v. *Cunningham*, 24 Pick. 270, 276; *Bank* v. *Lewis*, 22 Pick. 24, 31; *Bank* v. *Senecal*, 13 La. 525; *Loomis* v. *Eagle Bank*, 1 Disney 285; *West Boston S. Bank* v. *Thompson*, 124 Mass. 506,

514.; *Seneca Bank* v. *Neass*, 5 Denio 329; *First N. Bank* v. *Gifford*, 47 Iowa 575; *First N. Bank* v. *Christopher*, 40 N. J. Law 435; *Fairfield S. Bank* v. *Chase*, 72 Me. 226; *Gallery* v. *Bank*, 41 Mich. 169; *Kennedy* v. *Green*, 3 Myl. & K. 699; *In re European Bank*, L. R. 5 Ch. App. 358; *In re Marseilles Extension Railway*, L. R. 7 Ch. App. 161; *Gordon* v. *Preston*, 1 Watts 385; *Central Railroad* v. *Claghorn*, 1 Speers Eq. 545; *The Distilled Spirits*, 11 Wall. 356, 366; Pierce R. R. 35; *Buttrick* v. *Railroad*, 62 N. H. 413, 418; *Frost* v. *Belmont*, 6 Allen 152, 162, 163.

The decision in *Scripture* v. *Soapstone Co.*, 50 N. H. 571, is not applicable to this case. The Soapstone Co. was bound by the knowledge of facts acquired by an agent or officer who had no private interest to subserve by concealing them from the company, and who acted in the capacity of agent. If there are expressions in the opinion importing more than this, they were unnecessary, have not the force of authority, and cannot be supported. The same explanation applies to the case of *Hovey* v. *Blanchard*, 13 N. H. 145. Other cases cited by the plaintiff (*Hoffman Co.* v. *Cumberland Co.*, 16 Md. 456, *Hart* v. *Bank*, 33 Vt. 252, *New York &c. Railroad* v. *Schuyler*, 34 N. Y. 30, *Bridgeport Bank* v. *Railroad*, 30 Conn. 231) may be explainable on grounds consistent with the views above indicated; but if not, they cannot be followed.

If there was a formal defect in the deed of the company to the defendant in the matter of the seal, it did not make the plaintiff's title good, since it is sufficient for the defendant to show title in a third party. *Bailey* v. *March*, 2 N. H. 522—*S. C.*, 3 N. H. 274; *Berry* v. *Brown*, 5 N. H. 156; *Cheswell* v. *Eastham*, 16 N. H. 296; *Goulding* v. *Clark*, 34 N. H. 148, 155.

As it was a part of the plaintiff's theory that the corporation was formed for the purpose of assisting W. C. Marshall in his alleged fraudulent scheme, it was competent for him and for other directors of the company to testify as to their intention, if they had any, with reference to his creditors. As the company were purchasers for value, the doctrine of constructive fraud does not apply (*Seavy* v. *Dearborn*, 19 N. H. 351, 358), and they are chargeable with their grantor's fraud only when it is shown that they were cognizant of his fraudulent motives. Hence his intention, as well as that of other officers of the corporation, was a proper subject of inquiry. His testimony as to the answers he received when attempting to sell the stock of the corporation was hearsay; but it is not perceived how it could have influenced the jury in finding that the corporation had no knowledge of a fraudulent design on his part. Its reception, therefore, was not such an error as entitles the plaintiff to a new trial.

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.