THE PRESIDENT, DIRECTORS, and COMPANY of HART-
FORD BANK *against* WILLIAM HART.

THE plaintiffs declared against the defendant as the endorsor of a promissory note executed by *Joseph Hart*. The general issue was pleaded, and closed to the jury.

The note being produced on the trial, it purported to be made and endorsed as stated in the declaration. The defence, set up by the defendant, was, that the endorsement was a forgery. The plaintiffs admitted that it was not the hand-writing of the defendant, but contended, that he had virtually authorized it, and made it his own.

*Daggett*, *Perkins*, *Mosely* and *Root*, for the plaintiffs.

*Ingersoll*, *Goodrich*, *R. Griswold* and *N. Terry*, for the defendant.

After the jury were called, *Ingersoll* objected to *S. O.* as a juror, on the ground that he had married the sister of *W. W.* who was plaintiff in an action against the present defendant, before this court, and to be tried this term, depending upon the same principles as this case. The juror's wife, at the time of the trial, was dead.

*A juror, who had married the sister of a party in another case depending on the same principles as the one on trial, excused from sitting though his wife was then dead.*

*Daggett* insisted that this was not a sufficient ground of challenge. Besides, the connection, which once subsisted, is now dissolved.(a)

SWIFT, J. said it had never been determined in this

(a) Affinity, or alliance by marriage, is not, by the *English* law, a ground of principal challenge, unless it continue, or there be issue living. *Co. Litt.* 157. a. and note 278. by *Hargrave*. *Mounson* v. *West*, 1 *Leon.* 88.

Feb. 1807.

THE PRESI-
DENT, &c.
v.
HART.

state how far consanguinity, or connection by marriage, would disqualify a juror.(a) The courts have decided, however, that the *cousin* of a party cannot sit in the case.

THE COURT excused the juror.(b)

*Putting a letter into the post-office is a fact, from which the jury may infer, that the person to whom it was addressed had notice of its contents.*

On the trial, the counsel for the plaintiffs stated, that *Joseph Hart* had made use of the defendant's name on other notes which had been discounted at the bank, and that notice of this had been given to the defendant. To establish the fact of notice, they offered to prove, by the cashier, that he had put letters, addressed to the defendant, containing notice, into the post-office.

*Goodrich* objected to the evidence offered. The putting a package into the post-office is no evidence that it was delivered. Payment could not be proved, by proving that the money was put into the post-office. A demand of property could not be proved in this way. That in the case of bills of exchange and promissory notes, the putting a letter in the post-office is sufficient, not because that proves the notice, but because the party in doing that *has discharged his duty*. If it should appear that the letter had miscarried, it would not affect him.(c) It would be dangerous to establish the doctrine, that the putting a letter into the post-office is evidence of notice, because the letter may miscarry, and it would be impossible for the party to whom it was sent to prove that he did *not* receive it.

(a) By the *English* law, a juror who is of kin to either party within the *ninth* degree, may be challenged *propter affectum*. 3 *Bla. Com.* 363. *Tidd's Prac.* 309.

(b) In *England*, and in some of the *United States*, challenges to the favour are decided by triors. 3 *Bla. Com.* 363. *Co. Litt.* 158. *Trial of Smith and Ogden*, 245, 246. in *New-York*. But in this state, all challenges of jurors are decided by the court. 2 *Swift's Syst.* 239.

(c) *Chitty*, 95.

*Daggett*, contra, insisted, that the objections to the testimony offered went rather to its *weight* than to its *competency*. Such is the establishment of the mails, that the putting a letter into the post-office affords a fair presumption, that it was received, and read, by the person to whom it was directed. If this were not evidence, it would, in all cases, be necessary to have a person at the office of delivery, capable of identifying the letter, to prove its reception. It is not according to the course of business to make *payments*, in money or goods, through the mail, without special directions. But *information* is regularly communicated in this way.

THE COURT admitted the testimony.

SWIFT, Pr. J. said it was perfectly clear to his mind, that the putting a letter into the post-office is a *fact* from which the jury may *infer* notice.(a)

*Ingersoll* afterwards offered to prove that the names of *other* persons than the defendant had been forged, by *Joseph Hart*, on paper, which had been lodged at the bank, and had lain over; and that notices had been put into the post-office directed to them.

*Daggett* objected.

THE COURT ruled out the evidence. They said the point had been before determined.

In an action by the endorsee of a promissory note against the defendant as endorsor, on the ground that though the endorsement was a forgery, yet he had made it his own; and it having been proved, that his name had been forged on *other notes* discounted at the bank of which he had had notice, *he* cannot be permitted to prove, that the names of *other persons* had been forged under similar circumstances, of which *they* had had notice.

In the further progress of the trial, *Ingersoll* offered to prove, that the president and directors knew, when

(a) *Vide Parker* v. *Gordon,* 7 *East,* 385. *qu. con.*

The confessions of individual members of a corporation aggregate, a party to the suit, which were not made in the exercise of any corporate duty, cannot be received in evidence.

Feb. 1807.

THE PRESIDENT, &c.
v.
HART.

they discounted the note, that the endorsement was forged, and to prove this, by the *confessions* of the president and directors.

*Daggett* objected to this evidence. Who is the party? An aggregate corporation; the creature of the law. The claim is, that individuals of this corporation may confess away its rights. A corporation can regularly do no act without writing.(*a*) The confessions of a judge of probate, in a suit on the bond, have been rejected, because he speaks only by his records. Are the confessions of a member of an incorporated town to be admitted?

*Ingersoll* and *Terry*, contra, admitted, that an individual of a corporation can do no corporate act. But the persons, whose confessions are offered, were the *agents* of the corporation; and these confessions were respecting acts *within their agency*. There can be no question but that such acts are *binding* upon the corporation.(*b*) If it could be proved that the president and directors discounted this paper, *knowing it to be forged*, by disinterested witnesses, or in any other way than by a note of the corporation, it can be proved by the confessions of those who did the business with such knowledge.(*c*) Suppose the agent of a town, confesses notice as to a pauper; may not such confession, in a suit against the town, be proved? Could not the payment of money to a town be proved by a receipt from the selectmen? If their receipt would be evidence, would not their ac-

(*a*) 4 *Com. Dig.* tit. *Franchises*, F. 13. *Harg. Co. Litt.* 94. b. *note* 99. 1 *Bla. Com.* 475. 6 *Vin. Abr.* 268. 287, 288. *Kyd on Corp.* 1. 256. 268. 449, 450.

(*b*) *Vide Charter of Hartford Bank, par.* 10. Stat. p. 41.

(*c*) With regard to the question, how far the admissions of an agent may be received against his principal, see *Peake's Ev.* 18. 2d *Lond.* edit. and the cases of *Biggs* v. *Lawrence*, 3 *Term Rep.* 454. and *Bauerman* v. *Radenius*, 7 *Term Rep.* 668. there cited.

knowledgment be ? The directors are precisely in the same situation as selectmen, with regard to the business which belongs to them. The agents, in this case, could not be witnesses; because they are a party.

*Daggett*, in reply. This is not the case of notice given to an agent, which shall bind his principal. The president is the agent for certain purposes mentioned in the charter; but he is not agent *to confess*. Because a man cannot be a witness, it is by no means a *sequitur* that his confessions may be proved.

BY THE COURT. It is clear, that the doings of a corporation can be known only by its corporate acts. The confessions of individual members cannot be received. Though the directors have certain powers, resulting from their act of incorporation, and are, for certain purposes, agents; and though their acts, *when in strict relation to their agency*, are binding on the corporation; yet, as to the matters attempted to be proved, it does not appear that they were agents. The evidence is, therefore, inadmissible.(*a*)

(*a*) *Vide Head et al.* v. *Providence Insurance Company*, 2 *Cranch*, 127. *Beatty* v. *Marine Insurance Company*, 2 *Johns.* 114.