## EMERSON et al. v. HUBBARD et al.

(*Circuit Court, W. D. Pennsylvania.* March 2, 1888.)

PATENTS FOR INVENTIONS—ASSIGNMENT—RIGHTS OF ASSIGNEE—PRIOR INFRINGE-
MENTS.

Mere intention, not signified in an assignment of letters patent to include
therein claims for infringements previously committed, will not suffice to in-
vest the assignee with any equitable title to those claims; and such assignee,
after bill filed, in a suit for infringement brought by him, having procured an
assignment of said claims, will not be permitted in that suit to set up by a
supplemental bill this post assignment.

In Equity.

*Sur* motion for leave to file a supplemental bill, which was exhibited
to the court.

*Wm. L. Pierce*, for complainants.

*W. Bakewell*, for respondents.

ACHESON, J. It seems to be quite plain that the assignments set up
in the original bill transferred the title to the letters patent only, and did
not carry the claims for previous infringements. *Moore* v. *Marsh*, 7
Wall. 515. Now, giving to the allegations contained in the proposed
supplemental bill the fullest effect, the plaintiffs' alleged equitable title
to those claims rests upon the mere intention of the parties to those as-
signments thereby to transfer them. But no such intention appears on
the face of the instruments. At best it is a case of naked intention verb-
ally expressed, but not carried out. No particulars are stated, or facts
disclosed, from which the plaintiff might deduce any equitable title.
The assignments of the patents to the plaintiff was for the nominal con-
sideration of five dollars. In fine, it is not shown to the court that the
plaintiff had the shadow of right in or to the claims in question until
nearly five months after this suit was brought, when assignments there-
of were executed. These post assignments the plaintiff seeks, by means
of a supplemental bill, to have "considered as included in the cause of
action as set forth in the original bill, and more particularly as a part of
complainant's title, as set forth in paragraph 12 thereof." But a plain-
tiff cannot support a bad title by acquiring another after the filing of the
original bill, and bringing it in by supplemental bill. 2 Daniell, Ch. Pr.
1594, note 2; *Tonkin* v. *Lethbridge*, Coop. Ch. 43; *Pilkington* v. *Wignall*,
2 Madd. 240; Story, Eq. Pl. § 339. Being of opinion that this motion
should be disallowed for the reasons above indicated, I do not think it
necessary to consider the defendants' further objections to the motion.
The motion is denied.