CORRELL v. GEORGIA, &c., COMPANY.

1. ACTION—DEBT NOT DUE.—Plaintiff is not entitled to judgment in the Common Pleas on past due debts which were not due at the time of action commenced, except where it was made to appear, to the satisfaction of the Circuit Judge or clerk of court, before the institution of the action, that the defendant had been guilty of the acts of fraud or concealment specified in the act of 1883, 18 Stat., 491.

2. IBID.—IBID.—PRESUMPTIONS.—There is a presumption that an officer does his duty, but from the clerk's act in issuing an attachment against a foreign corporation on a complaint which does not show that any part of the debt claimed was not yet due, no presumption arises that the clerk was satisfied of the existence of those facts which justify an action on a debt before it is payable.

3. CONTRACTS—PLACE OF PERFORMANCE.—Whether a cause of action arose in this State is a mixed question of law and fact. Where a contract is made in another State, to be performed and completed in this State, the cause

of action for the value of the work done under the contract arises in this State.

4. NEW TRIAL NISI granted by the Supreme Court.

Before WALLACE, J., Greenville, March, 1891.

Action by Correll & Emonson against the Georgia Construction and Investment Company, commenced November 17, 1888. The amended complaint was as follows:

1. That plaintiffs J. B. Correll and A. Emonson were, at the dates hereinafter mentioned, partners doing business under the firm name of Correll & Emonson.

2. That the defendant was at said dates a corporation duly chartered by and under the laws of the State of Georgia, owning property in this State and county.

3. That at the times hereinafter mentioned the defendant corporation was engaged in constructing that part of the Carolina, Western, and Knoxville Railway lying between the city of Greenville, in the State of South Carolina, and the city of Knoxville, in the State of Tennessee.

4. That on the          day of March, 1888, the defendant, through its proper officers, entered into a contract with the plaintiffs, whereby they employed the plaintiffs to do certain work in grading said railway at certain stipulated prices, and the plaintiffs thereby bound themselves to do said work at the prices agreed upon.

5. That in pursuance of said contract, the plaintiffs and their servants did a large amount of work in the grading of said railway, and there is due them on account thereof, after deducting all payments, and upon the estimates of defendant's engineers, the sum of twenty-nine thousand nine hundred and seven and 86-100 dollars, besides interest on the notes hereafter set out, a bill of particulars being hereto attached as a part of this complaint.

That a part of the debt so due to plaintiffs is evidenced by notes, amongst which are four notes, of which the following are copies:

$1,307.40.                    GREENVILLE, S. C., October 25, 1888.

Ninety days after date, we promise to pay to the order of

Correll & Emonson thirteen hundred and seven and 40–100 dollars, at value received.          W. A. SUSONG,

Sec. and Treas.

[The three other notes were the same in date, amount, and time of maturity.]

6. That no part of said debt has been paid, and the said sum of twenty-nine thousand and seven 86–100 dollars, with interest on said notes from maturity of the same, is wholly due.

7. Plaintiff would also allege that since the commencement of this suit, J. B. Correll, one of the plaintiffs, has departed this life.

Wherefore, plaintiffs demand judgment for the sum of twenty-nine thousand and seven 86–100 dollars, and interest on five thousand two hundred and twenty-nine 60–100 dollars from the maturity of said notes.

*Mr. H. J. Haynsworth,* for appellant.

*Messrs. Wells & Orr,* contra.

November 2, 1892. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. The plaintiffs, railroad contractors and non-residents of this State, brought this action on November 17, 1888, in Greenville County, South Carolina, against the defendant corporation. At the time of issuing the summons, the plaintiffs made affidavit that the defendant was a foreign corporation having property in this State, and was indebted to the plaintiff in $29,907 for work done and material furnished. Upon this affidavit an attachment was issued. To the complaint was annexed the following bill of particulars:

Amount per estimate of engineer..........................$14,240 86
Expenses moving.........  .....................................  2,000 00
Shanties, &c...............................  .........................   500 00
Expenses moving to South Carolina......................   500 00
Work in North Carolina since estimate........  ........  2,500 00
Work in South Carolina since estimate..................  1,500 00
Other items not included above.............................  8,667 00

The defendants, for a *first defence,* admitted that they were a

foreign corporation, and denied all other allegations. And for a *second defence*, they alleged that the plaintiffs were non-residents, and that the alleged cause of action did not arise in this State, and claimed that the court was without jurisdiction to hear and determine the same.

A motion was made to set aside the attachment and dismiss the complaint, upon the ground that the cause of action did not arise in this State; and it was held that the said action and attachment could only be maintained to the extent that the plaintiffs could show at the trial that they had a cause of action which arose in South Carolina. See *Central R. R., &c., Co.* v. *Georgia, &c., Company,* 32 S. C., 346.

The cause came on for trial before Judge Wallace and a jury. The plaintiffs offered in evidence a statement of the engineer in charge, that the plaintiffs had done work in Greenville, South Carolina, to the value of $1,351.78, which, however, it seems, was not due on November 17, 1888, when the action was brought. And Mr. Emonson, one of the plaintiffs, testified that the charge of $500 was for moving camp from North to South Carolina; that he was satisfied that it cost more than that sum to move, giving no items; that it was agreed originally that in case of the "failure of the company," they were to be paid for moving camp; that these two items were all the work that they did for the defendant corporation, in the State of South Carolina. The plaintiffs then offered to prove the execution of four notes, not specifically mentioned in the bill of particulars, each for $1,307.40, dated October 25, 1888, at Greenville, S. C., and payable ninety days after date, which was after the action was commenced. Judge Wallace, during the trial (March, 1891), "Ordered, that plaintiffs have leave to amend their complaint by inserting such allegations as may be necessary to set up therein the four notes for $1,307.40 each." The trial proceeded, and Emonson further testified that the notes were signed by the officers of the defendant corporation, in October, 1888, in the city of Greenville, S. C. The notes were then offered in evidence, copies of which are set out in the amended complaint. None of these notes covered work done in South Carolina, but they were executed at Greenville, S. C.

The plaintiffs closed. The defendant offered no testimony, but moved for a non-suit as to all the items of the complaint, which motion was refused. (The amended complaint should appear in the report.) Upon the charge of the judge, the jury found a verdict for the plaintiffs for $7,873.75, including the $1,350 and the $500 items, besides the notes and interest. The defendant moved for a new trial on the minutes of the court, and that being refused, he appeals to this court upon the following grounds:

1. The amendment to the complaint worked a substantial change of plaintiffs' claim, and it was error to allow said amendment upon the trial of the case.

2. Such portion of the amended complaint as set forth the said notes did not state facts constituting causes of action, or parts thereof, it appearing that they were not due at the commencement of this action, and his honor erred in not sustaining defendant's demurrer to such portion of the amended complaint, and in not striking out the same.

3. Plaintiffs' testimony as to charge of $500 was vague and uncertain, and constituted no basis for a verdict; as to the other items, the testimony showed that they were not due at the commencement of this action. His honor erred, therefore, in refusing the motion for non-suit as to each and all of said items.

4. Whether the cause of action as to the charge of $500, for removing from N. C. to this State, arose in this State, was, under the evidence, a question of fact for the jury, and his honor erred in charging the jury that "this cause of action arose in this State."

5. Plaintiffs' attachment in this action was issued on the ground that defendant was a foreign corporation, and his honor erred in assuming in his charge that it was issued on the ground of fraud on the part of the defendant, and in basing his instructions upon that assumption.

6. He erred in charging the jury, that Code, section 255*b*, and the quotation from the opinion in *Light* v. *Isear*, 28 S. C., 440, applied to and controlled this case, in so far as the charge of $1,351 and the notes are concerned.

7. He erred in charging the jury, "that the fact that this action was brought upon the accounts and notes before the notes fell due, cannot affect the plaintiffs' right in the case."

8. He erred in charging the jury, in substance, that this action could be sustained as to claims not due at its commencement, because "a showing, deemed sufficient, was made before the clerk, and he issued his warrant of attachment, and the attachment has never been set aside, and having been once brought, it was lawful." It is submitted, that no showing had been made before the clerk, entitling the plaintiffs, under the law, to bring their action upon claims "not due."

9. The complaint, as it stood at the issue of the attachment and suit, and the affidavit used before the clerk, set forth a cause of action past due; his honor erred, therefore, in charging the jury, in substance, that the clerk had issued the attachment, and authorized suits upon claims not due.

10. The testimony as to the $500 charge was too vague and uncertain to sustain a verdict, and it showed that the other claims were not due at the commencement of suit; his honor, therefore, erred in refusing the motion for new trial upon the minutes, &c.

In order to prevent confusion, we will consider the item of $1,351 and the four notes together, as, in one important particular, they are in like condition. The notes were not given for work done in this State, but they were dated at Greenville, S. C., and it is contended that having been given in Greenville, they were South Carolina contracts. But, like the item of $1,351, they were not due on November 17, 1888, when the action was commenced; and we are not able to concur with the Circuit Judge, that, after they became due—indeed, at the trial of the case—they could properly be incorporated as part and parcel of the case, which was commenced November 17, 1888, before they fell due. It is well settled that an action will not lie upon a note or account before it is due, for the conclusive reason, that the rights of the parties are adjudicated according to the state of facts existing at the time the action was brought. See *Bank* v. *Manufacturing Company*, 3 Strob., 192, and *Moon* v. *Johnson*, 14 S. C., 436.

This is admitted to be the general rule, but it is said that the act of 1883 makes an exception. It is as follows: "Whenever a debt is not yet due, and it appears to the satisfaction of a Circuit Judge, the clerk of the Court of Common Pleas, or trial justice, by affidavit, that the debtor has departed from the State, *with intent to defraud his creditors*, or to avoid the service of a summons, or keeps himself concealed therein with a like intent, or that such person has removed, or is about to remove, any of his property, &c., it shall be lawful for the plaintiff forthwith to institute suit upon such debt or cause of action, or for the clerk to issue his warrant of attachment, as if said debt were then due and payable," &c. It is manifest that these requirements were intended to be conditions precedent, that they were to be complied with before the action could issue on the debt not due. Did the plaintiffs bring themselves within this act before they commenced action on November 17, 1888? We are constrained to say that we see no evidence of it. There was but one affidavit, and that was made to procure an attachment against the defendant as a foreign corporation. The "showing" for an attachment is not necessarily *identical* with that for leave to sue on a debt not due. The existence of one does not prove the other.

But it is argued, that there is a presumption that the officer (clerk) did his duty, and the very fact that there is an action, shows that he was "satisfied" that a proper case had been made for allowing an action upon a demand not due. There would be much force in this view, if the original complaint had stated that even a part of the demand sued on was not yet due. This, however, was not done. On the contrary, no reference was made to any such state of facts. The allegation was simply that the defendant corporation was indebted to them, the plaintiffs, in the sum of $29,907, without even making an exhibit of the notes, but stating in the most general terms, "other items not included above, $8,667." The original proceeding was the ordinary action to recover upon an account due, accompanied by what was formerly called "foreign attachment;" and while it is true, that there is a "presumption" in favor of an officer doing his duty, we can not think that we

have the right to assume that he had done his duty in a matter which was never submitted to him. The plaintiffs may recover the notes and the item of $1,351, but we are unable to see that it can be done under their action, which was commenced on November 17, 1888, before they were due.

*Second.* Exception 4 complains, that whether the cause of action as to the charge of $500, for removing plaintiffs' camp from North to South Carolina, arose in this State, was, under the evidence, a question of fact for the jury, and his honor erred in charging the jury, "that the cause of action arose in this State." The only testimony upon the subject was that of Emonson, one of the plaintiffs. He testified that the defendant corporation agreed to pay the plaintiffs for moving camp from North to South Carolina; that they were to be paid what was "reasonable," and that he was certain that it cost more than they had charged for it—$500. The judge charged as follows: "Now, Correll & Emonson were not citizens of this State, and primarily they would have no right to sue the Georgia Construction and Investment Company in this State; but if the cause of action arose in this State, they could sue here, and you could render a verdict on the claim. The claim here is that this is a legitimate demand which arose here in this State. Now the cause of action is a primary legal right, and the failure to meet it on the part of somebody else, in technical language, a primary right and a delict on the part of another. Now the contract for the removal into this State was made in North Carolina, and that was subsequently performed in the limits of this State. The completion of the contract was in this State, there was no right of action until performance here, and, therefore, the cause of action arose here. Nothing appears as to when and where the payment was to be made. So, if you are satisfied from the testimony that service was rendered under a contract, and that was a fair and just amount that Correll & Emonson could demand on such contract, why, then, the plaintiffs would be entitled to recover that money. If you think that there has been sufficient proof that the moving was not worth that much, of course, they can not recover," &c.

Now, it has been held that the question whether a cause of

action arose in this State is a mixed question of law and fact, and depends largely upon the law involved. The judge expressly and explicitly left to the jury the facts, as to whether the alleged services were rendered, and, if so, whether they were worth the charge made for them. But, at the same time, as was his duty, he informed the jury, as matter of law, what a cause of action is—that it has been held to arise where the contract is to be performed, or in case no direction is given as to where it shall be performed, the place where executed, &c. We agree with the Circuit Judge, that the contract of removal from North to South Carolina was to be completed and performed in this State, and, therefore, was a South Carolina contract, which was due and owing at the time the action was brought, and, therefore, capable of sustaining a verdict to the amount of it.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and a new trial ordered, unless within ten days after notice of this judgment, the plaintiffs, or their attorney of record for them, release on the record of this case all the verdict rendered, except the sum of five hundred dollars; and reduced to that amount, that the judgment be affirmed.