[L. A. Nos. 292, 293, 294, 295. Department Two.—December 1, 1897.]

COUNTY OF INYO, Respondent, *v.* PERRO ERRO, Appellant in No. 292; DOMINGO HIGOA, Appellant in No. 293; JUAN INDA, Appellant in No. 294; ANTONE ERRACA, Appellant in No. 295.

COUNTY ORDINANCE—LICENSE TO PERSONS ENGAGED IN SHEEP BUSINESS— VALIDITY—CONSTRUCTION OF COUNTY GOVERNMENT ACT.—A county ordinance requiring the procurement of a license by "every person engaged in the business of raising, grazing, herding, or pasturing sheep in the county," is valid, and within the power conferred upon boards of supervisors under subdivision 27 of section 25 of the County Government Act of 1893, authorizing them "to license for purposes of regulation and revenue all and every kind of business

not prohibited by law and transacted and carried on within the county," and it is no objection to the validity of the ordinance that it uses the words "engaged in," instead of the words "transacted and carried on" employed in the act, as each form of expression involves the other in its meaning.

ID.—APPLICABILITY OF ORDINANCE—PASSAGE OF SHEEP THROUGH COUNTY—GRAZING AND PASTURAGE—QUESTION OF FACT—FINDINGS—CONFLICT OF EVIDENCE.—Though such ordinance is not applicable to one who merely drives a band of sheep through a county, yet the license tax cannot be evaded, when it is evident that the real object in so doing, and what is really done is to graze and pasture the sheep in the county, and the determination of what is the real object is a question of fact; and where the trial court finds as a fact, under conflicting evidence, that for a period of time the defendant was engaged in the business of raising, grazing, herding, and pasturing sheep in the county, its findings will not be disturbed upon appeal.

APPEALS by the appellants severally from several judgments of the Superior Court of Inyo County and from several orders denying a new trial to each appellant. N. D. Arnot, Judge.

P. W. Bennet, and P. H. Mack, for Appellants.

Richard S. Miner, and P. W. Forbes, for Respondents.

HENSHAW, J.—These appeals were argued and submitted together. They involve identical questions, and the evidence is substantially the same in each case. They may, therefore, be considered and disposed of together.

The appeals are from the judgments and from the orders denying the defendants new trials.

The questions involved are: 1. The validity of an ordinance of Inyo county requiring the procurement of a license by "every person engaged in the business of raising, grazing, herding, or pasturing sheep in the county"; and 2. The applicability of this ordinance under the evidence to the defendants.

It is first insisted that the ordinance is void on its face. Herein it is argued that, under subdivision 27 of section 25 of the County Government Act of 1893 (Stats. 1893, p. 358), boards of supervisors are authorized "to license, for purposes of regulation and revenue, all and every kind of business not prohibited by law, and transacted and carried on in such county, . . . . to fix the rates of license tax upon the same, and to provide for the

collection of the same by suit or otherwise." The power to license is thus limited to lawful businesses "transacted and carried on" in the county, and it is urged that when the supervisors imposed the license upon those engaged in a business they exceeded their powers; for the words "transacted and carried on," it is contended, are not equivalent to or synonymous with the words "engaged in." In *Ex parte Miranda*, 73 Cal. 365, and *County of El Dorado v. Meiss*, 100 Cal. 268, the ordinances under consideration were identical in language with the one here in question, and the validity of these ordinances was upheld; but against this it is said that the precise point now presented was not called to the attention of this court. Even so, we fail to see either force or cogency in the argument. It is difficult to conceive of one being engaged in a business who does not transact and carry it on, and it is equally difficult to picture one transacting and carrying on a business who is not engaged in it.

The finding of the court as to each defendant was substantially the same and to the following effect: "That on the twenty-seventh day of April, 1895, and continuously thereafter until and including the ninth day of May, 1895, the defendant was engaged in the business of raising, grazing, herding, and pasturing sheep in the said county of Inyo, . . . . and did raise, graze, and pasture said sheep and said lands within the said county upon the natural brush and vegetation growing therein." This finding is attacked as being unsupported by the evidence. By the evidence it was shown that the defendants pastured their sheep during the winter months in Kern and perhaps other neighboring counties; that in the spring, feed being exhausted, they drove them into Inyo county from the south, and, following generally the line of the Sierra mountains, continued the drive through Inyo county, a distance of about one hundred and forty miles, into Mono county, where they were pastured during the summer months. It consumed from nineteen to twenty-seven days to drive the sheep through Inyo county, during which time the animals ranged over land of the United States and lived upon the natural herbage of the country. Over this there is no dispute. But upon the part of the defendants evidence was offered to show that the lands thus traversed were not grazing lands; that sheepmen dislike exceedingly the necessity

of driving their bands over such poor and waste country as that in Inyo county, but that the drives were made necessary to enable them to pass from their winter pastures to their summer feeding grounds in Mono county, and that it would be a benefit to sheepmen and to their flocks if the latter could be lifted bodily from Kern county into Mono county, without the need of driving across so long and desolate a strip of territory. But upon the part of plaintiff there was evidence that Inyo county was a part of the regular drive of the sheepmen, and that the pasturage in the county was of exceeding value to the herds; that they came into Inyo county from the Mojave desert much weakened and reduced, and improved materially in condition as they passed through Inyo. It was further shown that the sheep are kept constantly moving in the mountain lands, picking up their sustenance as they go; that Inyo county is one of the regular counties looked to for food by the sheepmen in the annual movements and migrations of their flocks, and that hundreds of thousand of acres of lands within the county are thus pastured by them. In *County of El Dorado v. Meiss, supra,* it was held that an ordinance similar to this was not applicable to one who drove a band of sheep into the county, where they remained but for seven days upon the owner's land for purposes of shearing, but it was said: "Of course, the license tax cannot be evaded by the mere pretense of driving sheep through a county or into a county for an alleged temporary purpose, when it is evident that the real object in so doing, and what is really done, is to graze and pasture the sheep in the county." The question, then, being one of the purpose and intent with which the sheep are in the county, the determination of the real object must forever be a question of fact. In these cases the trial court found as a fact, under conflicting evidence, and against their contention, that these defendants were engaged in raising, grazing, herding, and pasturing their sheep in Inyo county. There is, of course, no question but that they were engaged in the business; the only question is whether they were engaged in that business in Inyo county, and the conclusion which the trial court reached on this question may not, under the evidence presented here, be disturbed.

The judgments and orders appealed from are therefore affirmed.

McFarland, J., and Temple, J., concurred.