[Sac. No. 658.   Department Two.—September 21, 1900.]

COUNTY OF MONO, Appellant, *v.* P. L. FLANIGAN, Respondent.

License Tax—Business of Raising and Pasturing Sheep—Transportation Through County.—One who is engaged merely in transporting a herd of sheep across a county to his ranch in another county, and is not engaged in the business of raising, grazing, and pasturing sheep within the county, is not liable to a license tax upon that business.

Id.—Action for License Tax—Trial—Challenge of Juror—Relationship to Interested Officer.—Upon the trial by jury of an action to recover a license tax upon such business, a juror who is shown to be the brother of an officer employed by the county to collect such taxes, who by the terms of his employment is directly and beneficially interested in the enforcement of the license tax in question to the extent of ten per cent of the recovery, is properly challenged and excused for cause.

Id.—Pleading—Alleged Dates of Business—Limiting of Evidence.—Under a complaint in such action which charges the defendant with having engaged in the business of raising, grazing, and pasturing sheep within the county between the first day of June and the third day of July, the date of the filing of the complaint, the court properly limited the evidence to the acts of the defendant between those dates.

Id.—Amendment of Complaint—Subsequent Cause of Action.—The cause of action to enforce a license tax must be limited to business conducted by the defendant before the commencement of the action. No amendment to the complaint can be permitted to charge the defendant upon a cause of action arising after the commencement of the action.

Trial by Jury—Challenges for Cause—Construction of Code—Consanguinity or Affinity to "Party"—Beneficial Interest.—Subdivision 2 of section 602 of the Code of Civil Procedure relating to trial by jury, which makes "consanguinity or affinity within the fourth degree to any party" a ground of challenge of a juror for cause, is to be liberally construed. It is not intended thereby to require that the "party" shall be in name a party to the litigation, but the provision is meant to cover the case of relationship to any party shown to be directly and beneficially interested in the result of the litigation, by any participation in the recovery.

Id.—Challenge of Juror for Actual Bias—Disallowance—Discretion—Review Upon Appeal.—It is only where the evidence adduced upon the challenge of a juror for actual bias is such as plainly and clearly to show the bias of the juror, and the case is one in which the law manifestly leaves nothing to the conscience or discretion of the court, that the action of the court in disallowing it is reviewable upon appeal; and where such state of facts is not established, the ruling of the trial court will not be disturbed.

APPEAL from an order of the Superior Court of Mono County denying a new trial. W. H. Virden, Judge.

The facts are stated in the opinion of the court.

Richard S. Miner, for Appellant.

Reddy, Campbell & Metson, for Respondent.

HENSHAW, J.—Plaintiff brought its action against defendant to recover the sum of five hundred and fifty-one dollars, the amount of a license tax which it averred was due to it from defendant under the terms of an ordinance of the county exacting a license from all persons engaged in the business of "raising, grazing, and pasturing sheep" within the county. The cause was tried before a jury, which rendered its verdict for defendant. Judgment for defendant was entered in accordance with the verdict and from the order of the court refusing its motion for a new trial the county appeals. The complaint charged that the defendant "between the first day of June, 1897, up to and including the third day of July, 1897, was engaged in the business of raising, grazing, and pasturing sheep, to wit, about ten thousand head of sheep." Upon the trial the validity of the ordinance was not assailed. The defense, however, was that the defendant did not come within its provisions, and that he was engaged merely in transporting his sheep across the county of Mono to his ranch in Sierra county as expeditiously as possible. If such was the fact, and there was sufficient evidence to sustain the contention, defendant was not compelled to pay the license tax. (*County of Inyo v. Erro*, 119 Cal. 119.)

Many minor points are made upon the appeal touching the impanelment of the jury and the admission and rejection of evidence. All have been considered, but only such as seem to merit attention will be here noticed. L. A. Murphey was challenged for cause by defendant, the challenge was allowed, and he was excused. It appeared that Murphey was a brother of E. A. Murphey, an executive officer of the county of Mono, employed to enforce, and actively interested in enforcing, the sheep license ordinance, under a contract with the county whereby he was to receive ten per cent of the license fees paid, including ten per cent of the proceeds of this particular case. The challenge was properly allowed. Section 602, subdivision 2, of the Code of Civil Procedure makes consanguinity or affinity within the fourth degree, to any party to a cause, a ground of challenge. This provision has received, and should receive,

a liberal construction. It is not necessary that the party in interest should be in name a party to the litigation. It is sufficient if it be shown that he is immediately, directly, and beneficially interested in the result of the litigation. Thus it has been held a good ground of challenge where a juror is related to a stockholder in a corporation which is a party to the litigation (*Quinebaug Bank v. Leavens*, 20 Conn. 87[1]; *Georgia R. R. Co. v. Hart*, 60 Ga. 550); or the one who may be called upon to pay a judgment which may be recovered (*Woodbridge v. Raymond*, Kirby, 279); and even to one interested in the principle involved in the pending action. (*Hartford Bank v. Hart*, 3 Day, 491.[2]) In this case the brother of the juror was directly interested in the litigation to the extent of ten per cent of the amount of the recovery, and the case comes fairly within the principle contemplated and meant to be covered by subdivision 2 of section 602 of the Code of Civil Procedure.

It was not error for the court to refuse to allow plaintiff's challenge to the juror Fales upon the ground of actual bias. Where the evidence adduced is such as plainly and clearly to show the bias of a juror, the action of the trial court in disallowing it is here reviewable. (*People v. Wells*, 100 Cal. 231; *People v. Scott*, 123 Cal. 434.)

But before the ruling of the trial court may be disturbed, the evidence should clearly show that the juror was not in fact impartial. "The case must be one in which it is manifest the law left nothing to the conscience or discretion of the court." (*Reynolds v. United States*, 98 U. S. 145.) Upon the examination of the juror Fales no such state of facts was established, and the ruling of the trial court will, therefore, not be disturbed.

The complaint in this action charged defendant with having engaged in the business of raising, grazing, and pasturing sheep in Mono county between the first day of June and the third day of July. The complaint was filed upon the third day of July. The court very properly limited the evidence to the actions of defendant in controlling and managing his sheep between the dates charged in the complaint. The plaintiff

---

[1] 50 Am. Dec. 272          [2] 3 Am. Dec. 274.

then sought leave to amend his complaint by charging that defendant was engaged in the business of raising, grazing, and pasturing sheep from the 1st of June to the 11th of July, "and for a long time thereafter." The court's refusal to allow this amendment is assigned as error; but under the circumstances of the case the ruling was the only proper one which the court could have made. Defendant was called upon to answer for his responsibility under the ordinance, upon a complaint filed upon July 3d, charging him with having engaged in the business of raising, grazing, and pasturing sheep within the month next immediately preceding: If, in fact, the defendant had so engaged in the business, his responsibility was complete, and he was liable for the license tax imposed by the ordinance; but, if in fact he had not so engaged in the business, as charged in the complaint, and at the time of the filing of the complaint, then this particular cause of action must fail. If it were true that defendant, though not engaged in the business up to July 3d, had after that date engaged in the business, no amendment to the original complaint could be permitted to charge upon a cause of action subsequently arising, when none in fact existed at the time of the filing of the complaint. The county would be compelled to submit to a judgment against it, and for any future violation of the terms of the ordinance commence its action anew. If the effort to amend here made was to show subsequent acts of raising, grazing, and pasturing, in addition to those which the defendant had done prior to July 3d, then the amendment was unnecessary. If by the amendment it was proposed to show that he had engaged in the business subsequent to July 3d, though not before that date, then it was wholly improper.

The order appealed from is therefore affirmed.

Temple, J., and McFarland, J., concurred.