## EVELAND v. DETROIT MACHINE TOOL CO.

District Court, E. D. Michigan, S. D. April 14, 1927.

### No. 6549.

**I. Patents ⊜265—Mere assignment of patent does not entitle assignee to recover damages or profits from infringement occurring before assignment.**

A mere assignment of a patent, which does not expressly assign the right to recover damages or profits arising from infringement of the patent occurring before such assignment, does not transfer to assignee the right to recover such damages or profits.

**2. Patents ⊜271—Assignee of patents, suing for infringement occurring before assignment, will not be permitted to amend declaration to set up assignment of such cause of action procured after action commenced.**

Assignee of patent, suing for infringement occurring before assignment of title to patent, will not be permitted to amend declaration to set up assignment of cause of action for infringement procured after action was commenced.

**3. Pleading ⊜247—Amendment to declaration cannot set up cause of action acquired after commencement of action.**

Though courts are, and should be, liberal in allowing amendments to pleadings in furtherance of justice, amendment to a declaration must relate to time of, or prior to, filing of declaration, and it cannot set up cause of action acquired after commencement of action.

At Law. Action by Samuel S. Eveland against Detroit Machine Tool Company. On plaintiff's motion for leave to amend his declaration. Motion denied.

Maurice F. Paterson, of Detroit, Mich., for plaintiff.

Edward M. Pagelsen, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This is a motion by the plaintiff for leave to amend his declaration. The original declaration was filed June 28, 1921, to recover damages alleged to have been caused to the plaintiff by the infringement by defendant of two certain patents owned by the plaintiff. The sixth paragraph of said declaration was as follows:

"That the said letters patent were issued to your plaintiff and inventor for a period of seventeen (17) years, which period did expire December 21, 1920, but were in full force and effect up to and including that day, and that the said letters patent did grant to the patentee and plaintiff his heirs and assigns, the exclusive right to make, use and vend the invention and devices covered thereby throughout the United States and the territories thereof, that your plaintiff has never disposed of any right, title or interest in or to the said invention but has remained the sole owner of the monopoly thereby established, and has not sold any right, title or interest in or to any cause of action arising out of any infringement of the said patents, except as set forth in paragraph 7 hereof."

The seventh paragraph of the declaration was as follows:

"That no person has ever sold the patented article, device, or machine, covered by this in-

vention under the authority of the patents; but that such patented articles were made by the plaintiff and used by the Standard Boiler Bearing Company, a corporation of Philadelphia, Pennsylvania, of which your plaintiff was the president and general manager, with permission from your plaintiff and inventor to so use them and that such machines so made and used had the word 'Patented,' together with the day and year the patent was granted and the patent number, fixed thereon."

November 4, 1926, plaintiff filed herein the proposed amended declaration, which he asks leave to file in lieu of his original declaration. The fourth paragraph of said proposed amended declaration is as follows:

"That, after the issuance of such patents, your plaintiff assigned the same for convenience to certain corporations and companies and individuals, of which your plaintiff had control and of which your plaintiff owned the greater part of stock and derived the greater part of the profits therefrom. That such assignments were made with the understanding that at any time your plaintiff desired, such patents were to be reassigned to your plaintiff. That at different times reassignments were made as set forth in the above dates which assignments will be more fully proved at the trial of this cause, and that it was the intention of the assignees that your plaintiff should be the owner of all right to suits for infringements on such patents, but that for fear of a technical discrepancy your plaintiff secured on the 15th day of February, 1926, an additional assignment to specifically cover such cause of action and that such assignment has been recorded in the Patent Office at Washington, D. C., and will be more fully proved at the trial of this cause, and that by virtue of such assignment your plaintiff is the owner of any cause of action for infringement on the aforesaid patents."

From said proposed amended declaration and from exhibits attached thereto it appears that on January 14, 1915, plaintiff assigned said patents, "together with all claims of him, the said Samuel S. Eveland, for damages or profits for possible infringement of said letters patent," to the Eveland Electric Riveter Company, a New Jersey corporation; that on January 18, 1915, said Eveland Electric Riveter Company assigned said patents to one H. M. Eveland, by an instrument which purported to assign only its "right, title, and interest in and to" said patents, and made no reference to any claim nor right to damages for past infringement thereof; that on December 15, 1920, said H. M. Eveland made the same kind of assignment to the plaintiff; that said pat-

ents expired December 22, 1920, and that on February 15, 1926, said H. M. Eveland and said Eveland Electric Riveter Company joined in an assignment, to the plaintiff, of all of the "right, title, and interest in and to any cause of action" which they "might have against any person, firm, or corporation growing out of infringement of" said patents, said assignment concluding as follows: "We having heretofore assigned all our right, title and interest in and to the said patents and it being our intention that such assignment carry with it the right to any cause of action growing out of any infringement on such patents, but for the purpose of making such assignment more definite in this particular, we have at this time executed this assignment."

The defendant opposes the motion of the plaintiff for leave to thus amend his declaration and urges that such amendment would enable plaintiff to seek relief herein on a cause of action which he did not possess at the time of the commencement of this suit and on which, therefore, he is not entitled to recover here.

[1, 2] As was pointed out by this court in its opinion in the case of Herman v. Detroit Shipbuilding Co., 295 F. 423: "A mere assignment of a patent, which does not also expressly assign the right to recover damages or profits arising from infringement of such patent occurring before such assignment, does not transfer to the assignee the right to recover such damages or profits." It is plain that at the time of the commencement of this suit plaintiff was not entitled to recover herein by reason of any infringement of the patents here in suit committed prior to the time of his acquisition of title to said patents by the assignment of December 15, 1920. The effect, therefore, of the assignment, to him, on February 15, 1926, of the right to recover for such past infringement, was to vest in him a cause of action which he did not have when he commenced this suit. It is apparent that the plaintiff is seeking, by the amendment asked, to assert in this suit a claim which he could not have asserted herein at the time when he commenced such suit, because he did not then hold such claim. This he cannot legally do.

[3] Although courts in general, and this court, should be, and are, liberal rather than strict in allowing amendments to pleadings in the furtherance of justice, yet it is a fundamental, essential element of an amendment to a declaration that such amendment must relate to the time of, or prior to, the filing of such declaration. In the language of Judge Lurton, speaking for the Court of Appeals for this Circuit, in American Bonding & Trust

Co. v. Gibson County, 145 F. 871, at page 874 (7 Ann. Cas. 522): "Plaintiff's right to any recovery depended upon its right at the inception of the suit, and the nonexistence of a cause of action when a suit was started is a fatal defect, which cannot be cured by the accrual of a cause pending suit." United States v. McCord, 233 U. S. 157, 34 S. Ct. 550, 58 L. Ed. 893; Emerson v. Hubbard (C. C.) 34 F. 327; American Bonding & Trust Co. v. Gibson County, supra; Bush v. Pioneer Mining Co., 179 F. 78 (C. C. A. 9); Mono County v. Flanigan, 130 Cal. 105, 62 P. 293; Correll v. Georgia Construction & Investment Co., 37 S. C. 444, 16 S. E. 156; 31 Cyc. 391; 1 Corpus Juris, 1149.

This principle is applicable not only to a case where the suit as originally commenced is not supported by any valid cause of action (United States v. McCord, supra; American Bonding & Trust Co. v. Gibson County, supra), but also to a case where, as here, it is sought to add, by amendment, a cause of action acquired by the plaintiff after the commencement of the suit to a cause of action on which such suit has already been commenced (Mono County v. Flanigan, supra; Correll v. Georgia Construction & Investment Co., supra), and, specifically, to a case involving the same kind of a patent suit and situation as are presented here (Emerson v. Hubbard, supra). It may be added that this is not a case where the only effect of the amendment, if allowed and proved, is to perfect an inchoate, but not perfect, title asserted in the suit as originally commenced, and cases, and the principle therein involved, presenting that sort of a situation are not applicable here.

For the reasons stated, the motion of plaintiff for leave to file the proposed amended declaration referred to must be denied. An order will be entered accordingly.